David ROTHGEB et ux *v.* SAFECO
INSURANCE COMPANY of America

75-320                                        534 S.W. 2d 759

Opinion delivered March 29, 1976

*Parker & Henry,* for appellants.

*Barnett, Wheatley, Smith & Deacon,* for appellee.

FRANK HOLT, Justice. Appellants brought this action to recover damages under the provisions of a blanket corporate surety bond issued by appellee on the members of the Arkansas Realtors Association. A surety bond is required by Ark. Stat. Ann. § 71-1305 (c) (Supp. 1975). Appellants contend that the trial court erred in granting appellee's motion for summary judgment inasmuch as there existed material issues of fact.

It appears the undisputed facts are that Wimpy and Steele, a real estate partnership, owned some property which they sold to appellants. Appellants brought this action for damages against Wimpy and Steele, individually and as partners, alleging that Wimpy committed acts during the course of their dealings with them which were in violation of Ark. Stat. Ann. § 71-1307 (Supp. 1975). Also appellee surety was joined as a defendant pursuant to the provisions of § 71-1305. Wimpy and Steele declared bankruptcy. Appellee moved for a summary judgment on the basis that Wimpy and Steele were the owners of the property at the time appellants contracted with them and, therefore, Wimpy, as an owner of the property, was not functioning as a real estate agent within the meaning of Ark. Stat. Ann. § 71-1301, et seq. (Supp. 1975), at the time of the transaction. Alternatively, it was asserted that appellee's blanket statutory $2,000 bond with the Arkansas Realtors Association provided that it did not extend coverage to the members of that group who were bonded, as Wimpy was here, under another real estate broker's bond.

We must agree with appellee's position that since Wimpy was selling land owned by him and Steele, he could not be considered an agent or broker, which requires a license, within the meaning of § 71-1302. If Wimpy was acting solely as the owner, he would not come within the provisions of § 71-1302. Cf. *Phillips v. Ark. Real Estate Comm.,* 244 Ark. 577,

426 S.W. 2d 412 (1968). Likewise, since the property was jointly owned by him and his partner, Steele, the act is not applicable to them.

We deem it unnecessary to discuss appellee's alternative motion for a summary judgment.

Affirmed.

BYRD, J., not participating.