### Allen ARMBRUST, d/b/a ALLEN ARMBRUST CONSTRUCTION COMPANY *v.* Val HENRY

77-261                                                    562 S.W. 2d 598

#### Opinion delivered March 20, 1978
#### (Division I)

*Purtle, Osterloh & Weber,* by: *John I. Purtle,* for appellant.

*Andrew L. Clark,* for appellee.

GEORGE ROSE SMITH, Justice. The appellant, a building contractor, pursuant to a contract between the parties, built a residence for the appellee, for which the appellee paid more than $38,500. In the written contract the contractor guaranteed that the entire job would be done in a neat workmanlike manner. The appellee brought this action for damages for breach of that guarantee, alleging improper workmanship in six particulars. The circuit court referred the case to a master, who heard a number of witnesses and made findings of fact disallowing three of the plaintiff's claims and allowing the other three in the total amount of $4,008.60. This appeal is from a judgment upholding the master's report in all respects.

At the outset we are confronted by what proves to be a fatal defect in the record before us. No stenographic report was made of the hearing before the master. Neither the oral testimony heard by him nor the exhibits that were introduced are before this court. The appellant did not supply the deficiency by preparing a statement of the evidence, as the statute allows. Ark. Stat. Ann. § 27-2127.11 (Repl. 1962). In the circumstances the record was not abbreviated by agreement or without objection, a procedure also permitted by the statutes. § 27-2127.6. The burden was on the appellant to bring up a record sufficient to show that the trial court was wrong.

In this situation we presume — indeed, we really have no choice except to presume — that the missing testimony supported the trial court's findings (or here, those of the

master). *Phillips* v. *Ark. Real Estate Comm'n,* 244 Ark. 577, 426 S.W. 2d 412 (1968). The appellant argues, primarily, that the master's various findings are not supported by any evidence, but that argument must fail for want of a record. He also suggests that the appellee's claims are barred by the fact that he paid the contract price before bringing this suit. No such defense was presented by the pleadings, nor does it appear to have been raised in any way in the trial court. We cannot, with no knowledge whatever about the proof that was introduced, hold that this secondary contention is well taken.

Affirmed.

We agree. HARRIS, C.J., and HICKMAN and HOWARD, JJ.