868

WORTHEN BANK & TRUST COMPANY,
N.A. *v.* C. L. WALKER; Jerry MATHIS d/b/a
MATHIS SHEET METAL COMPANY;
Alphonse M. HIEGEL and Paul J. HIEGEL,
d/b/a HIEGEL LUMBER COMPANY and
BUILDERS CARPET COMPANY, INC.

CA 80-230                                    606 S.W. 2d 382
Court of Appeals of Arkansas
Opinion delivered October 22, 1980

*Rose Law Firm*, by: *Allen W. Bird, II*, for appellant.

*Brazil & Roberts; Clark & McNeil;* and *Ronald L. Burton*, for appellees.

GEORGE HOWARD, JR., Judge. The question presented in this appeal is whether the trial court erred in finding that labor and materials supplied by materialmen — preparatory work for the construction of a dwelling house — constituted commencement of improvements within the meaning of Ark. Stat. Ann. § 51-607 (Repl. 1971), hence affording the lien of the materialmen priority over a mortgage, filed subsequently to such work, securing a construction loan extended by Worthen Bank & Trust Company.

Section 51-607 provides:

"The lien for work and materials . . . shall be preferred to all other encumbrances which may be attached to or upon such building, bridges, boats or vessels or other improvements, or the ground, or either of them, subsequent to the commencement of such buildings or improvements."

On March 4, 1977, Worthen Bank & Trust Company, appellant, filed its mortgage for record which secured a construction loan of $22,400.00 granted to Elbert Credit and Joyce Ann Credit to construct a single family dwelling. Prior to the recordation of the mortgage, Tom Padgett removed a fence located on the property, cleared brush and filled a small lake located on the rear of the property.

In an action brought by Padgett and other materialmen for judgment against the owners and materialmen's lien, the trial court held that the materialmen's liens were superior to appellant's mortgage inasmuch as the work performed by Padgett constituted commencement of improvements. The trial court awarded the materialmen a judgment for $9,-111.17 and Worthen a judgment of $30,537.58.

Pursuant to the foreclosure decree, the property was sold for $27,035.72.

Worthen concedes that Padgett performed the preparatory work as alleged, but argues that as a matter of law the work does not constitute "commencement of improvements" within the meaning of Section 51-607.

The testimony offered in evidence below has not been abstracted. It is conceded by the parties that the testimony has been lost and can not be reproduced.[1]

---

[1]Rule 6(d) of Rules of Appellate Procedure provides:

"If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best means available, including his recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments

Worthen also argues that the testimony is not relevant since it accepts the court's findings. We do not view the situation as optimistically as Worthen. We are persuaded that without even the benefit of a summary of the testimony from which the trial court made its findings, an affirmance of the trial court is imperative.

We are unable to say, from the record before us, that the findings of the trial court are clearly against the preponderance of the evidence. We have no way of determining the type or amount of fencing removed; nor are we able to determine the amount and type of underbrush that was involved. We have no way of determining the amount of sand that was delivered to the property, nor the extent of the work in filling the lake. It seems plain that we may not indulge in speculation or conjecture in order to fill the deficiencies in this record.

We are not able to say that the work performed by Padgett was not such as to be visible or indicate activity on the property involved making it readily apparent that improvements were being commenced. *See: Clarke* v. *General Electric Company*, 243 Ark. 399, 420 S.W. 2d 830 (1967).

In *Allen Armbrust, d/b/a Allen Armbrust Construction Company* v. *Val Henry*, 263 Ark. 98, 562 S.W. 2d 598 (1978), the Supreme Court emphasized that an appellate court must presume that the missing testimony in a record on appeal supports the findings of the lower court. The appellant has the burden to bring up a record sufficient to establish that the trial court is in error.

Rule 52(a) of the Rules of Civil Procedure provides:

". . . Findings of fact shall not be set aside unless clearly erroneous (clearly against the preponderance of

thereto within ten (10) days after service upon him. Thereupon the statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be included by the clerk of the court in the record on appeal."

Worthen has not offered an explanation for not complying with Rule 6(d).

the evidence), and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. . . ."

We further hold that we cannot say, from the record before us, the chancellor erred as a matter of law in holding that Padgett's work constituted commencement of improvements upon the subject property.

Affirmed.