Jimmy D. TAYLOR *v.* O. D. FUNK, d/b/a
O. D. FUNK COMPANY

CA 80-120                                    606 S.W. 2d 605
Court of Appeals of Arkansas
Opinion delivered October 29, 1980

*Raymond A. Harrill*, for appellant.

No brief for appellee.

ERNIE E. WRIGHT, Chief Judge. Appellant brought suit against appellee on account for accounting services for $1,-510.00. The trial court heard the evidence without a jury and rendered judgment for appellant in the sum of $300.00. Appellant filed a motion for a new trial grounded upon Rule 59 (a), ARCP, alleging the trial was prematurely terminated and appellant was denied an opportunity to present rebuttal evidence. Appellee filed a response alleging appellant was offered full opportunity at trial to present his entire case.

Formal hearing on the motion for new trial was waived by appellant and the motion was overruled. Appellant brings this appeal from the order denying the motion for new trial and contends the trial court erred in overruling the motion.

Rule 59 (a), (1), ARCP, provides that a new trial may be granted for irregularity in the proceedings or abuse or discretion which prevented the aggrieved party from having a fair trial.

There was no court reporter present at trial and the record contains no transcript of the evidence and trial

proceedings. The judgment approved by counsel for appellant as to form makes no mention of appellant being deprived of the right to offer rebuttal witnesses.

Appellant has not complied with Rule 6 (d), ARAP, which authorizes appellant to prepare a statement of the evidence or proceedings from the best available means, including his recollection, to supply a record for appeal absent a stenographic transcript. The rule provides that a copy of the statement shall be served on appellee, who may serve objection or proposed amendments. Thereupon, the objections or proposed amendments shall be submitted to the trial court for settlement and approval. Upon approval such record shall be included in the record on appeal.

Rule 6 (c), ARAP, provides for abbreviation of the record by agreement of the parties, but the record before us contains no such abbreviation.

The burden is upon appellant to file in this court a record sufficient to show the trial court erred. Appellant's motion for new trial and an affidavit in support thereof are not acceptable as a substitute for the record of the trial proceedings, and neither reflect the proffer of rebuttal evidence by appellant or any objection to any action of the trial court.

Absent a record of what transpired at trial, we have no basis for reviewing the asserted error. Therefore, we affirm the order of the trial court denying a new trial. *Armbrust* v. *Henry*, 263 Ark. 98, 562 S.W. 2d 598 (1978).

Affirmed.