Harvey L. BELL, Securities Commissioner
of the State of Arkansas *v.* INVESTMENT
TRAINING INSTITUTE, INC.; Jim NASH,
An Individual; and FINANCIAL
TRAINING ASSOCIATES

80-168                                      609 S.W. 2d 919
Supreme Court of Arkansas
Opinion delivered January 12, 1981

*James T. Pitts* and *William B. Brady*, for appellant.

*Rose Law Firm*, by: *Phillip Carroll*, for appellees.

RICHARD B. ADKISSON, Chief Justice. The issue presented in this case is whether the appellant, Arkansas State Securities Commissioner, had either a statutory or common law basis to seek an injunction to prevent appellees from performing the following acts in regard to carrying on their business of tutoring applicants for license as broker-dealers under the rules of the Municipal Securities Rulemaking Board:

(1) Acquiring, or attempting to acquire, a copy of any examination given, or proposed to be given, by any government body or self-regulatory agency;

(2) Failing promptly to report to the appropriate government body or self-regulatory body the receipt of any portion of what is represented or which appears to be an examination given, or proposed to be given, by such a body or agency;

(3) Asking students to memorize and report back a specific test question(s), portions of a test, or otherwise relate verbatim portions of an examination;

(4) Providing specific questions for applicants to learn by rote as preparation for the examination;

(5) Having a staff member, officer, agent, or employee take an examination other than for a bona fide, full-time position within the securities business and as required for such association;

(6) Having a staff member, officer, agent, or employee in the testing room or in the halls, rest rooms, or other rooms and areas immediately adjacent to the testing room;

(7) Rebating fees, waiving fees, rewarding or otherwise

paying for questions on, or reputed to be on, official examination;

(8) Representing that material used in the course of instruction is, or has been, on official tests, except where true and revealed as such by the testing body or agency;

(9) Conducting post-test, debriefing or other systematic debriefing practices which seek to determine specific questions and/or answers used on the test. Post-test conduct shall be limited to persons personally tutored for the examination and shall not be initiated, pursued or encouraged on the examination day;

(10) Conducting such a business without complying with Act 416 of the 1965 General Assembly, as amended.

The Pulaski County Chancery Court denied this requested injunction, holding that the Arkansas Securities Commissioner had no standing to bring the complaint, and that the statutory and common law basis cited and argued by appellant in support of his action related only to matters involving the "exchange, trading or sale of securities."

Upon trial *de novo* in this court, we review three points which appellant relied on in the trial court and on appeal. Appellant claims a basis for injunctive relief under each of these points.

First, appellant claims statutory authority for relief under Ark. Stat. Ann. § 67-1235(3) (Repl. 1966), which provides:

It is unlawful for any person, in connection with the offer, sale or purchase of·any security, directly or indirectly

. . . .

(3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

However, since none of the acts complained of, if true, are in connection with "the offer, sale, or purchase of any security, directly or indirectly," the statutory basis for the injunction is nonexistent.

Second, appellant claims a "violation of general law and Rules and Regulations of Securities Department," citing Ark. Stat. Ann. §§ 67-1238(f), 67-1240(a)(2)(I), 67-1240 (b)(6) (Repl. 1966), and Rule 4.01(C). The statutory and regulatory authorities cited apply to applicants or registrants as defined within the Act and are inapplicable to appellees, who only train persons to take examination.

Also, we find appellant's theory of "general law" as a basis for relief to be without merit. Appellant cites no authority for his broad assertion that various cases construing the Arkansas Securities Act, Ark. Stat. Ann. § 67-1235 — 1262 (Repl. 1966), have created a general common law prohibition against any wrongdoing by any person however remotely related to the specific provisions of the Act.

Third, appellant alleges appellees' tortious interference with a contractual relationship between the National Association of Securities Dealers and the Arkansas Securities Department which administered the test.

Under this contract, the commissioner received a nominal fee to proctor the examination administered to applicants for registration. Even assuming that a valid contract existed between these parties, there is a total lack of proof in the record to establish an actionable interference with the contract by appellee resulting in damage to appellant. Also, we find no proof that the acts complained of either caused or were intended to cause any party to fail to perform the contract. See *Mason* v. *Funderburk*, 247 Ark. 521, 446 S.W. 2d 543 (1969).

Affirmed.