Everett E. SHELTON *v.* STATE of Arkansas

CR 81-53                                        627 S.W. 2d 18

Supreme Court of Arkansas
Opinion delivered January 25, 1982

*Lessenberry & Carpenter,* by: *Thomas M. Carpenter,* for appellant.

*Steve Clark,* Atty. Gen., for appellee.

PER CURIAM. This is a petition pursuant to Rule 37.2, Arkansas Rules of Criminal Procedure (Repl. 1977). Petitioner contends he was effectively denied assistance of counsel at his original trial. The case was affirmed in the original action in an unpublished opinion by the Court of Appeals on April 29, 1981 (CA CR 81-35).

Briefly, the history of the case reveals petitioner was charged with theft of property in excess of $2500 in violation of Ark. Stat. Ann. § 41-2203 (Repl. 1977). He engaged the services of three different attorneys but for one reason or another all three were disqualified or resigned. On February 29, 1980, the public defender was appointed to defend the petitioner and the case was set for trial on April 10, 1980. At a hearing on April 1, 1980, the petitioner persuaded the court to allow him to serve as his own defense counsel at the trial. Although the court attempted to persuade the petitioner that it would not be wise for him to do so, it nevertheless granted petitioner the right to proceed as his own attorney. The court then informed the public defender to continue to serve in an advisory capacity and to be available for the trial. The petitioner requested an out-of-state attorney be present to testify on his behalf but for some unknown reason the out-of-state attorney was either not contacted or did not appear. However, the parties stipulated into the record what the testimony of this witness would have been had he been present. The petitioner had also requested the presence of two other witnesses and another attorney. No subpoena was issued for the local attorney, and the two other witnesses did not appear.

The trial was held on April 10, 1980; petitioner was convicted of theft of property and sentenced to a term of 20 years in the Arkansas Department of Correction with five years suspended. During the course of the trial petitioner encountered much difficulty in cross-examining witnesses. The court became annoyed by the frequent conferences between the petitioner and the public defender. The court ordered the public defender to sit down and keep quiet until the defendant requested him to do something on his behalf. On another occasion the court called a brief recess and instructed the petitioner to get with his attorney during the recess and prepare to finish the trial. Later, the court told the petitioner he was apparently unable to couch his questions in proper form but the public defender would be able to do so and thus enable the court to make a proper ruling. Petitioner was informed by the court he could still object if he disagreed with the actions of the public defender. The petitioner agreed with this proposal and allowed the public defender to do the questioning from that point on with some minor exceptions when the petitioner injected himself into the proceedings. For all practical purposes the public defender conducted the balance of the trial until the state rested.

After the state rested the public defender made several motions which were denied by the court. The court was then informed that the petitioner did not wish to take the stand. This statement was verified by the court asking the petitioner if the statement was correct and by the petitioner agreeing that he did not wish to take the stand. In fact, at this time petitioner stated that whatever the public defender said was all right with him. The court then stated:

> You're the attorney, now, and this is a judgment that you can make. Mr. Rosenzweig is just trying to get you through the technical areas of getting evidence into the court and keeping evidence out of court. But this is an area in which you can have just as much judgment as Mr. Rosenzweig. He can advise you but is this your decision in this case?

MR. SHELTON: Yes, sir.

such capacity . . . " would not apply to appellant, as he was not acting or assuming to act as a real estate broker. To so isolate this sentence would be to misinterpret the statute. The second section which gives the appellant grounds for argument reads ". . . where the licensee in performing or attempting to perform any of the acts mentioned herein . . . ." Again, if you read only that portion of the sentence, it would give the impression that appellant was correct in his interpretation of the statute that the Commission could only take action against a licensed broker or salesman. However, in an over-all reading of the statute it is fairly clear that the "acts mentioned herein" means the acts listed following this portion of the statute, the applicable ones being (a), (b), (h) and (j). Therefore, in reading the statute in its totality it states that the Commission shall have the power, under circumstances stated therein, to discipline a real estate broker or salesman or " . . . any person who shall assume to act in either such capacity . . . ." The last quoted portion is an attempt to give the Commission authority over persons who assume to act as brokers or salesmen. We do not question appellant's statement that in order for one to be acting as a broker or salesman he must be acting (a) for another and (b) for compensation or expectation of compensation. However, the Commission admits that appellant was not acting as a salesman or broker at the time he sold the lots in question. The Commission's order is based primarily upon a claim of his making substantial misrepresentation or false promises concerning the building of the road in the subdivision and the reliance of the purchasers that appellant's actions were sanctioned by the Real Estate Commission. These are grounds which may give rise to revocation or suspension and need not be made while the person is in fact acting as a broker or salesman.

One of the purposes set forth in the act is to "safeguard the interests of the public." We have held that statutes enacted for the benefit of the public should be liberally construed to effectuate the purpose of the act. *Laman* v. *McCord*, 245 Ark. 401, 432 S.W. 2d 753 (1968). Both parties seem to place part of their argument in the case of *Rothgeb* v. *Safeco Insurance Co. of America*, 259 Ark. 530, 534 S.W. 2d 759 (1976). The *Rothgeb* case never came through the Real

Estate Commission and thus there was no issue as to the suspension of a broker's license. The action was brought by an individual against a real estate partnership alleging the partnership violated sections of Ark. Stat. Ann. § 71-1307 and asking for damages under a surety bond. Safeco Insurance Company was joined as a defendant because they wrote the surety bond for the Real Estate Commission at that time, and the defendants had gone into bankruptcy. In *Rothgeb* we stated:

> We must agree with appellee's position that since Wimpy was selling land owned by him and Steele, he could not be considered an agent or broker, which requires a license, within the meaning of § 71-1302. If Wimpy was acting solely as the owner, he would not come within the provisions of § 71-1302. . . .

We do not think *Rothgeb* is controlling in the present situation, as there was neither an investigation nor a finding by the Commission of improper conduct. In the present case the Commission did not suspend appellant's license for selling the land but for promises made outside the sale which the Commission determined violated the above-mentioned provisions of the statutes and Rule 40. The appellant also relies on *Bell, Commissioner* v. *Investment Training Institute,* 271 Ark. 663, 609 S.W. 2d 919 (1981). In *Bell* the complaint was against a person who was running a school wherein applicants for licenses as security broker-dealers were tutored. The action of the commissioner in that case was an attempt to prevent the carrying on of the business of tutoring applicants for licenses. Again, the action was brought in the court seeking an injunction preventing appellees from performing certain acts. That is not the case in the present action.

In the present case it is obvious that appellant could have performed these very same transactions had he possessed no license at all. However, since the transactions dealt with real estate and most of the sales were initiated in his real estate office where his broker's license was prominently displayed, we think the purchasers were entitled to rely upon appellant to act in the manner in which a broker or salesman

should act. Almost every purchaser of a lot in this subdivision indicated they relied upon the fact that appellant was a. real estate broker. There is, of course, substantial evidence to support the finding of the Commission that appellant misrepresented matters and made false promises. In reviewing matters which were brought up through the Administrative Procedure Act we give much weight and credence to the action of the Board or Commission because of their knowledge of the subject matter before them. The standard of review in this court is whether there is substantial evidence to support the action of the Real Estate Commission in suspending appellant's broker's license for a period of six months. *Ark. Real Estate Commission* v. *Harrison,* 266 Ark. 339, 585 S.W. 2d 34 (1979). Therefore, the circuit court decision affirming the order of the Real Estate Commission is hereby affirmed.

Affirmed.

HAYS, J., not participating.