Betty KING, d/b/a P.D.Q. PAWNSHOP, a/k/a
KING'S IDEAL PAWNSHOP *v.* W. D. YOUNTS,
Chief of Police in and for the City of North Little
Rock, Arkansas

82-156                                  643 S.W.2d 542

Supreme Court of Arkansas
Opinion delivered December 20, 1982
[Rehearing denied January 17, 1983.]

*R. W. Laster* and *Larry Carpenter,* for appellant.

*Jim Hamilton,* City Atty., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, the owner of
P.D.Q. Pawnshop in North Little Rock, filed suit in
chancery court seeking injunctive and declaratory relief
from the enforcement against her of Act 87 of 1981, codified
as Ark. Stat. Ann. §§ 71-5401—71-5408, and North Little Rock
Ordinance 5369. The act and ordinance regulate the pur-
chasing for resale of precious metals or stones and require
licensing, fees and record keeping. Appellant contends that
her business does not come within the purview of the act or

ordinance, that she should not be required to comply with them, and that she received a letter threatening prosecution under the penal provisions of the act and ordinance for her failure to comply.

The trial court in its decree recited that it had considered the matter on the pleadings, the testimony and evidence presented, the briefs and the argument of counsel. It found that pawnbrokers are included in Act 87 of 1981 and North Little Rock Ordinance No. 5369, that the business operation conducted by appellant is within the purview of the act and ordinance and that appellant must follow the requirements of the act. The trial court denied appellant's request for a permanent injunction, and it is from this order appellant appeals. Jurisdiction is in this Court pursuant to Rule 29 (1) (c).

The burden was on appellant to bring up a record sufficient to show that the trial court was wrong. *Armbrust v. Henry*, 263 Ark. 98, 562 S.W.2d 598 (1978); A.R.A.P. 6 (b). No testimony and none of the evidence relied upon below have been included in the record. The record before us consists merely of briefs and pleadings. Appellant refers to a stipulation of facts introduced below, but none appears in the record. The answer filed by appellee denies the following: (1) that appellant has paid all privilege taxes or license fees, (2) that appellant is not in the business of buying precious metals for resale and (3) that threats of arrest were made. The answer admits that the statute and ordinance exist. Therefore, the answer admits no facts material to the basis of this appeal.

In *Armbrust* v. *Henry, supra,* we emphasized that an appellate court must presume that the missing testimony in a record on appeal supports the finding of the lower court. *See also, Phillips* v. *Arkansas Real Estate Com'n.,* 244 Ark. 577, 426 S.W.2d 412 (1968). Without the benefit of the evidence from which the trial court made its findings, an affirmance of the trial court is imperative.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I do not feel that the record was insufficient to decide this case. This was obviously a test case brought before us to clarify the laws as presently exist in regard to precious metals dealers. The majority merely skirts the issues and forces additional litigation to decide what should properly be decided now. The pleadings and other material in the record expose the issues sufficiently to allow us to understand and decide the underlying controversy.

The appellant operates as a pawnbroker as defined in Ark. Stat. Ann. § 67-1130 (Repl. 1980); accepting pledges on various items, some of which admittedly contain or are composed of precious metals. She does not purchase items for resale because of their precious metal content and does not maintain equipment for weighing or assaying precious metals. As a pawnbroker, she is required to keep records to identify property pledged to her as well as records on the identity of individuals pledging such property. She uses forms provided by the Arkansas State Police and the City of North Little Rock. She is required to submit such records to the police and make her place of business available for inspection by the authorities at almost any time.

The statute in question here is Ark. Stat. Ann. § 71-5401 (Supp. 1981) which states in part:

> No person including a pawnbroker shall engage in the business of buying . . . precious metals . . . for the purpose of reselling the same . . . without first obtaining a license . . .

Similar language appears in the contested city ordinance, North Little Rock Ordinance No. 5369. The language is designed to regulate persons in the business of buying precious metals for resale. These persons had not specifically been regulated by the state prior to the enactment of this legislation. The phrase "including a pawnbroker" would seem to me to mean that any pawnbrokers who enter into the business of buying and reselling precious metals would have

to have a license to do so. If the legislature were to pass a bill stating "no person including a minister shall engage in the business of operating a gasoline service station without obtaining a license," it would not mean that the minister would be obligated to be licensed unless he operated a service station. The legislation we are dealing with in this case would apply to a pawnbroker who set up a facility for buying and reselling precious metals, whether inside or outside his pawnshop. However, appellant did not set herself up as a "precious metals exchange" or in any way alter her presently ongoing business. It would be ridiculous to require still more licensing and regulation for one who is presently licensed, well regulated and reporting her activities regularly to the proper authorities.

I would, therefore, reverse and remand this case for a proper order allowing appellant to continue in her business of pawnbroking without coming under this particular regulation until such time as she decides to engage in the business of buying and reselling precious metals.