# UNITED STATES OF AMERICA
## v. Charles Darwin DAVIDSON

CA 84-298                                    686 S.W.2d 455

Court of Appeals of Arkansas
Division II
Opinion delivered March 27, 1985
[Rehearing denied April 24, 1985.]

*George W. Proctor,* United States Att'y, by: *Fletcher Jackson,* Asst. U.S. Att'y, for appellant.

*Davidson Law Firm, Ltd.,* by: *Charles Darwin Davidson,* for appellee.

TOM GLAZE, Judge. This appeal arises from a foreclosure proceeding initiated by Mutual Life Insurance against Clarence E. Hopmann, the United States [Farmer's Home Administration (FHA), Department of Agriculture and Internal Revenue Service (IRS)], Charles Darwin Davidson and others. Mr. Hopmann owned the real and personal property involved in this cause and appellant, appellee and Mutual Life claimed certain interests in Hopmann's property. On October 6, 1983, the trial court entered a decree granting judgment to Mutual Life and determining it was secured by a first and prior lien. The court provided for a commissioner's sale and for the net sale proceeds to be applied first to the payment of Mutual Life's judgment. The

balance of such proceeds were ordered placed in escrow for distribution to the other parties with their interests to be determined at a later date. On July 11, 1984, the trial court found that the balance of the proceeds was $49,950.00 and that from these proceeds, the IRS was entitled to the amount of its September 22, 1980, tax lien. The court, considering FHA's and appellee's respective claims and interests, ordered that appellee should receive the balance of the $49,950.00, which was $23,165.09.

Appellant raises one point for reversal: The trial court erred in setting priorities because appellant's security interest (based upon its security agreement with Hopmann) was perfected in May, 1981, and was prior to appellee's judgment liens. Appellee argues, among other things, that appellant's abstract is deficient and the trial court's judgment should be affirmed. *See* Rule 9(e) of the Arkansas Rules of the Supreme Court and Court of Appeals. Appellee's specific complaint is the appellant failed to abstract the testimony given in the hearing prior to the entry of the foreclosure decree on October 6, 1983, and that it also omitted from the abstract the security agreement upon which FHA based its priority-of-lien claim. Appellant responds by stating that the October, 1983, testimony was not relevant to the July, 1984, proceeding wherein the trial court determined the priority of the parties' respective lien interests. Furthermore, appellant suggests that abstracting the security agreement would be a duplication because the testimony of Mr. Howard Forrest, an FHA representative, was abstracted, and that testimony established that the security agreement was executed on May 12, 1981. Since it also did not abstract a financing statement, we assume — though it is not argued — that appellant further relies on Forrest's testimony to show that its security interest was perfected by its filing a financing statement on May 6, 1981.[1]

Finally, appellant mentions almost in passing that no

---

[1]The Forrest testimony reflects nothing concerning FHA's filing the security agreement as a financing statement. Nonetheless, appellant could perfect its security interest by filing a financing statement prior to execution of the security agreement if it complies with Ark. Stat. Ann. § 85-9-402 (Supp. 1983).

execution had issued on appellee's judgments and thus, appellee had no lien on the balance of the proceeds placed in escrow. We have a problem in accepting appellant's argument that the abstract is sufficient. It is settled that the burden is on the appellant to bring up a record to show that the trial court was wrong. *King* v. *Younts,* 278 Ark. 91, 643 S.W.2d 542 (1982); Ark. R. App. P. 6. In addition, an appellate court must presume that the missing testimony in a record on appeal supports the finding of the lower court. *King* v. *Younts* at 92, 643 S.W.2d at 543. Here the trial court determined that appellee's lien interest was paramount to appellant's. In so finding, the court's July, 1984, order referred to and in part was based upon the October, 1983, proceeding (which was not abstracted) and the decree of foreclosure (which was only partially abstracted). Appellant now contends the trial court erred because its security interest was perfected prior to appellee's judgment liens, but we find nothing in the abstract setting out appellant's judgments or when those judgments were filed. From our limited examination of the transcript (which we are not required to do), we cannot locate any of appellee's judgments — which leads us to conclude that either they had been introduced at the October, 1983, hearing and were not made a part of this record on appeal or they were introduced in the July, 1984, hearing but not designated as a part of the record.[2] Either way, we are left to guess at which proceeding appellee's judgments were introduced. Without having these pertinent documents before us we can only speculate why the trial court held as it did. For example, did the court reject appellant's priority interest arguments because its documents failed to comply with the formal requisites under the law which are necessary to perfect its secured interest? Perhaps, on the other hand, appellee's judgments had been entered prior to the appellant's having perfected its secured interest. Or, maybe the trial court clearly erred as appellant asserts in this appeal. Without a proper abstract, we are unable to determine how the trial court disposed of appellant's argument that appellee's judgments posed no liens on the proceeds in escrow or, for that matter, whether such an argument was presented the trial judge. Other

---

[2]Appellant specifically named those matters it designated on appeal rather than designating the entire record.

possibilities can be posed, but the point we make is that the record simply fails to demonstrate the trial court's error that the appellant now argues in this appeal.

Of course, we need not (nor can we) speculate on matters either omitted from the abstract or from the transcript. We are required to affirm this appeal for two reasons: (1) Appellant's abstract fails to reflect the documents which support its claims; and (2) the appellee's judgments which appellant argues are subordinate to its interest are neither abstracted nor made a part of the record in this appeal.

Affirmed.

CRACRAFT, C.J., and CORBIN, J., agree.