IN RE the Matter of the ESTATE OF Delbert Allen
SPEARS, Deceased

Jimmie Lee Bowling, Jr. and Gay Taylor Bowling *v.* Skeet
Lavonda Renee Spears, Administratrix of the Estate of
Elebert Allen Spears, Deceased

93-223                                              858 S.W.2d 93

Supreme Court of Arkansas
Opinion delivered July 12, 1993

*H. Oscar Hirby*, for appellants.

*Tracy F. Bagwell*, for appellee.

ROBERT L. BROWN, Justice. The claimants and appellants, Jimmy Lee Bowling and Gay Taylor Bowling, filed a claim against the estate of Delbert Allen Spears, deceased, but did so outside of the three-month period under the statute of nonclaim. The probate court denied the claim. The appellants appeal on the

basis that they were denied a hearing to present their case. They further contend that they were creditors of the estate who could be reasonably ascertained, and as such, the applicable statute of limitations was two years. Alternatively, they urge that the statutes requiring actual notice to reasonably ascertainable creditors are unconstitutional on their face and as applied in this case. We affirm the probate court's decision.

The decedent, Delbert Allen Spears, was a licensed real estate broker and a principal owner of Spears and Tisdale Realty Company. He was also an owner of S & T Homes, Inc., a Little Rock housing construction corporation that was used to build housing on property sold through Spears and Tisdale Realty.

On January 3, 1989, the decedent and the appellants, Jimmy Lee Bowling and Gay Taylor Bowling, closed two real estate transactions. The decedent took title to the appellants' land and house located at 8623 Duncan Drive in Little Rock in exchange for a lot owned by Spears and Tisdale Realty, also in Little Rock, and a new house to be constructed on the lot by S & T Homes.[1] As part of the consideration for the land swap, the decedent assumed the outstanding balance owed on a note and mortgage on the Duncan Drive property. The decedent, as owner of the Duncan Drive property, continued to make note payments as they came due until May 30, 1990, when he conveyed the property by warranty deed to his brother, John Spears. Eight months later, on February 1, 1991, the decedent's brother stopped making payments, and the Duncan Drive property went into default.

On May 20, 1991, the appellants were notified and demand was made upon them for payment of the note on the Duncan Drive property. Only then were they apprised of the fact that the decedent had died prior to the default on September 21, 1990, and that the Duncan Drive property had been conveyed to the decedent's brother. Notice and demand were presented to the appellee, Skeet Lavonda Renee Spears, administratrix of the decedent's estate, on June 18, 1991. She took no steps to clear the

---

[1] The appellants state that the decedent took title to the Duncan Drive property and then deeded it to his brother. Certain documents in the record suggest that S & T Homes, Inc. may have actually taken title and later been grantor of the deed to the decedent's brother.

default. As administratrix, she had published the requisite statutory notice in *The Benton Courier*, a Saline County newspaper, for two consecutive weeks beginning October 22, 1990. The three-month statute of nonclaim established by Ark. Code Ann. § 28-50-101(a) (Supp. 1991) expired on January 22, 1991, which was prior to the default.

The Duncan Drive property went into foreclosure, and a deficiency judgment was entered against the appellants and in favor of the holder of the note and mortgage for the amount of $24,314.90. The appellants, in turn, made demand upon the decedent's estate for payment of the deficiency judgment, but the estate refused payment. The appellants then filed a claim against the estate on June 23, 1992, seeking damages in the amount of the deficiency with interest from October 15, 1991, together with exemplary damages for fraud, deceit, and misrepresentation on the part of the decedent.

On July 22, 1992, the estate responded to the claim filed against it, noting that the first inkling it had of a potential claim appeared in a letter from the appellants' attorney dated June 18, 1991 — more than seven months after the first publication of notice to creditors. Prior to June 18, 1992, the estate contends, the claim was neither known to it nor reasonably ascertainable. The burden of proof on the issue, according to the estate, was on the creditor claiming entitlement to actual notice. Denying the claim, the estate requested a hearing before the Saline County Probate Court for a determination of whether the appellants, as creditors, were known or reasonably ascertainable to the administratrix and therefore entitled to more than constructive notice.

On August 20, 1992, it is disputed what occurred. The estate asserts that a hearing was held on the claim. The appellants argue that it was in fact a conference among the attorneys and the probate court. On September 29, 1992, before the entry of the order resulting from the August 20, 1991 hearing, the appellants filed a motion requesting an evidentiary hearing on all facts still disputed by the estate and raising for the first time the constitutionality of the notice provisions to creditors in the Probate Code. The following day, September 30, 1992, the probate court replied by letter that the motion was denied because the appellants had an opportunity to present evidence at the August 20, 1992

hearing and chose not to take it. The afternoon of October 1, 1992, the appellants filed with the Saline County Probate Clerk a proffer of facts and a deposition of the administratrix taken on August 12, 1992, in connection with litigation pending in Pulaski County Circuit Court and the decedent's estate.

In its resulting order, filed on October 2, 1992, the probate court found that notice of appointment of personal representative and notice to creditors was published on October 22, 1990, the three-month limitation on filing claims set forth in the statute of nonclaim, § 28-50-101(a), ended on January 22, 1991, and the appellants filed their claim on June 23, 1992. Because the claim of the appellants was not known to or reasonably ascertainable by the administratrix at the time of first publication of notice, reasoned the court, the requirements of Ark. Code Ann. § 28-40-111(a)(4) (Supp. 1991) concerning notice to creditors known or reasonably ascertainable by the personal representative within one month from first publication of notice were not applicable to the estate or to the administratrix.

In addition, the probate court declared that the claim did not become ascertainable during the three months following the first publication of notice. Therefore, the administratrix had no duty to send actual notice to the appellants. Turning to the nonclaim statute, the probate court ruled that the appellants had failed to file their claim within the three months required, which barred their claim for recovery against the estate.

Also, on October 2, 1992, a second order was entered denying the appellants' request for an evidentiary hearing. The probate court reiterated that the appellants had an opportunity to present their case on August 20, 1992. It also found that the facts necessary to decide the claim were undisputed and that an additional hearing to put facts into the record which were irrelevant to the ruling on the claim was unnecessary. Further, the court found that the issues raised with respect to the unconstitutionality of the Probate Code notice provisions were not raised at the first hearing and, thus, untimely.

On October 12, 1992, the appellants filed a motion for amendment of order and trial on the merits of the case. The motion was deemed denied on the 30th day under Ark. R. App. P. 4(c). The estate was then closed on November 24, 1992.

## I. EVIDENTIARY HEARING

The appellants first contend that they were denied an evidentiary hearing and the chance to make a record on their claim. It is clear, however, from the probate court's letter of September 30, 1992, and the order of October 2, 1992, that the court considered the proceeding it conducted on August 20, 1992, to be a hearing. Indeed, the court specifically found that a hearing was held. Furthermore, as the court plainly stated in its letter to appellants' counsel on September 30, 1992, the attorney was given the opportunity to present evidence at the previous hearing and chose not to take it.

On appeal, the decision of the probate court will not be reversed unless it is clearly erroneous. *Daley* v. *Boroughs*, 310 Ark. 274, 835 S.W.2d 858 (1992). Here, the parties are in irreconcilable conflict over whether a hearing occurred. The probate court found that a hearing was held. We presume, absent contrary information in the record, that what transpired on August 20, 1992, supports the probate court's findings. *See King* v. *Younts*, 278 Ark. 91, 643 S.W.2d 542 (1982); *Armbrust* v. *Henry*, 263 Ark. 98, 562 S.W.2d 598 (1978); *Phillips* v. *Arkansas Real Estate Commission*, 244 Ark. 577, 426 S.W.2d 412 (1968). The appellants have presented nothing to contravene the finding that a hearing was held except their assessment of what occurred. Thus, we cannot say on the basis of the record before us that the probate court erred in finding that the appellants were afforded an opportunity to present evidence and forfeited it.

## II. REASONABLY ASCERTAINABLE CREDITORS

Appellants' primary argument is that they were reasonably ascertainable creditors who were not given actual notice and that the two-year statute of limitations applies under Ark. Code Ann. § 28-50-101(h) (Supp. 1991), which would preserve their claim.

The relevant statutes read in pertinent part:

(a)(1) Promptly after the letters have been granted on the estate of a deceased person, the personal representative shall cause a notice of his appointment to be published stating the date of his appointment and requiring all persons having claims against the estate to exhibit them, properly verified to him, within three (3) months from the

date of the first publication of the notice, or they shall be forever barred and precluded from any benefit in such estate.

. . . .

(4) Within one (1) month after the first publication of the notice, a copy of the notice shall also be served upon each heir and devisee whose name and address are known and upon all unpaid creditors whose names, status as creditors, and addresses are known to or reasonably ascertainable by the personal representative in accordance with § 28-1-112(b)(1), (2), or (3). If, thereafter, the names and addresses of any such creditors are ascertained, a copy of the notice shall be promptly served upon them. The burden of proof on any issue as to whether a creditor was known to or reasonably ascertainable by the personal representative shall be upon the creditor claiming entitlement to such actual notice.

Ark. Code Ann. § 28-40-111(a)(1) & (4) (Supp. 1991).

(h) Notwithstanding any other provisions of this section to the contrary, the claims of all known or reasonably ascertainable creditors shall be barred at the end of two (2) years from date of first publication of notice to creditors, even if they have not been provided actual notice in accordance with § 28-40-111(a)(4).

Ark. Code Ann. § 28-50-101(h) (Supp. 1991).

■ Both statutes were either amended by or the result of Act 929 of 1989, which itself was a response in part to the United States Supreme Court's decision in *Tulsa Professional Collection Services, Inc.* v. *Pope*, 485 U.S. 478 (1988). In *Pope*, the Court held that actual notice by means such as mail service was required for reasonably ascertainable creditors under the Due Process Clause and that constructive notice by publication did not suffice.

The first question before us is *when* must the appellants be deemed to be reasonably ascertainable creditors of the estate and entitled to actual notice. The estate argues, and the probate court found, that the creditors must be reasonably ascertainable during

the three-month period of the statute of nonclaim. The appellants, however, urge that if they were reasonably ascertainable any time during the two-year period under § 28-50-101(h), that is sufficient.

■ The probate court correctly found that a creditor of the estate must be subject to identification during the three-month statute of nonclaim. This makes eminent sense. Otherwise, all estates would be subject to a two-year administration on the basis that a creditor might surface with a legitimate claim after the three-month period and be entitled to a two-year limitations period before being barred. We are not willing to conclude that the General Assembly intended for all estates to be two years in duration because of the potential that additional claims might come to light subsequent to the nonclaim period.

The next issue, then, is whether the appellants' claim was reasonably ascertainable during the period between first publication of notice — October 22, 1990, and the three months thereafter, ending on January 22, 1991. Since the loan was not in default until February 1, 1991, no claim had crystallized against the estate until that time.

■ The appellants assert that the administratrix of the estate was not diligent in identifying the appellants as potential creditors of the estate who were entitled to actual notice during the nonclaim period. However, there was no evidence of record presented to the probate court on August 20, 1992, to support the fact that she was not. The mere filing of a proffer of facts and the administratrix's deposition on October 1, 1992, which was a month and a half after the court's decision on August 20 and the day before the court entered its order, did not translate into evidence under Ark. R. Civ. P. 32. Indeed, there is nothing in the record to suggest that the deposition was brought to the probate court's attention either at the August 20 hearing or thereafter. We will not consider evidence for purposes of appeal that was not considered by the trial court, regardless of whether the evidence may have merit. *Kolb* v. *Morgan*, 313 Ark. 274, 854 S.W.2d 719 (1993). The appellants simply did not satisfy their burden as required by § 28-40-111(a)(4).

■ The remaining issues raised present no basis for reversal. The appellants did not advance the constitutional points until

September 29, 1992, well after the August 20, 1992 hearing where a decision by the probate court was made. We agree with the estate and the probate court that those issues and arguments were not timely made and are not preserved for our review. *See Plugge* v. *McCuen,* 310 Ark. 654, 841 S.W.2d 139 (1992). Nor do we conclude that there was any evidentiary or procedural basis for the probate court to amend its October 2, 1992 orders pursuant to Ark. R. Civ. P. 59(a).

Affirmed.