2011 Ark. 4

Kevin MASSEY, Father of L.M.,
A Minor, Appellant

v.

Morris Dee FULKS and James Winters,
Executors of the Estate of Derek
Cockayne, Deceased; and the Estate
of Derek Cockayne, Appellees.

No. 10–364.

Supreme Court of Arkansas.

Jan. 13, 2011.

Rehearing Denied Feb. 17, 2011.

Gregory Klebanoff, Fayetteville, for appellant.

Murphy, Thompson, Arnold, Skinner & Castleberry, Batesville, by: Blair Arnold, for appellee.

COURTNEY HUDSON HENRY, Justice.

Appellant Kevin Massey appeals the order of summary judgment entered by the Stone County Circuit Court ruling that his claim against appellees, the Estate of Derek Cockayne and the executors of the estate, Morris Dee Fulks and James Winters (collectively the "Estate"), was barred by the statute of non-claim. Our court of appeals previously affirmed the circuit court's decision. *Massey v. Fulks*, 2010 Ark. App. 272, 373 S.W.3d 903. Thereafter, we granted appellant's petition for review. For reversal, appellant argues that he was a known or reasonably ascertainable creditor who had two years in which to file his claim because the Estate failed to give him actual notice of the non-claim deadline. Appellant also contends that our decision in *Dodson v. Charter Behavioral Health System of Northwest Arkansas, Inc.*, 335 Ark. 96, 983 S.W.2d 98 (1998), should be overruled because it is contrary to the relevant statutory provisions contained in the probate code. We find merit in appellant's first point on appeal, but we decline his invitation to overturn *Dodson*. Accordingly, we reverse and remand the circuit court's decision and vacate the opinion issued by the court of appeals.

The record reflects that on September 25, 2007, Derek Cockayne died of a self-inflicted gunshot wound to the head as the police were executing a warrant for his arrest on charges of sexual misconduct involving an eleven-year-old minor, L.M. On October 1, 2007, the Probate Division of the Stone County Circuit Court admitted Cockayne's will to probate and appointed Fulks and Winters as co-executors of the Estate. On October 3, 2007, the Estate published a notice to creditors in the *Stone County Leader* in accordance with the requirements of Arkansas Code Annotated section 28–40–111 (Repl.2004). The notice was published again on October 10, 2007.

Counsel for appellant, who is L.M.'s father, wrote a letter to the Estate's attorney on January 23, 2008. In this letter, counsel advised that appellant was contemplating filing suit against the Estate based on Cockayne's alleged inappropriate behavior with L.M. On February 11, 2008, appellant, on behalf of L.M., filed suit against the Estate in the Circuit Court of Stone County, asserting claims of battery, false imprisonment, and outrage. On February 21, 2008, the Estate filed an answer in which it denied the material allegations contained in the complaint.

On March 19, 2009, the Estate filed an amended answer and a motion for summary judgment. In these pleadings, the Estate asserted that the six-month non-claim period set forth in Arkansas Code Annotated section 28–50–101(a)(2) (Repl. 2004) had expired on April 3, 2008, and that, although appellant had filed a complaint in circuit court within the non-claim period, he had neglected to file a claim against the Estate in probate court. Based on the decision in *Dodson, supra,* the Estate argued that appellant's claim was now barred because the complaint filed in circuit court did not satisfy the

filing requirements of the non-claim statute. In opposing the motion for summary judgment, appellant contended that he was a known or reasonably ascertainable creditor who was entitled to actual notice pursuant to Arkansas Code Annotated section 28–40–111(a)(4)(A); that the Estate failed to provide him with such notice; and that Arkansas Code Annotated section 28–50–101(h) allowed him two years in which to file a claim because notice was not given. Appellant maintained that *Dodson* did not address the question of whether the non-claim period was extended for two years when a creditor who is identified during the non-claim period is not afforded actual notice. In reply, the Estate contended that the issue was decided in *Dodson* based on the view expressed by the dissenting opinion that the plaintiffs were entitled to actual notice as reasonably ascertainable creditors.

In addition to receiving briefs, the circuit court entertained counsels' arguments on May 26, 2009. At the hearing, appellant also advised the court that he had filed a claim against the Estate on April 16, 2009. The circuit court granted the Estate's motion for summary judgment. In its written order dated June 1, 2009, the court stated that appellant "failed to file a claim against the Estate of Derek Cockayne within six (6) months after the date of the first publication of Notice to Creditors; and that by virtue of ACA § 28–50–101(a) and (f), the Statute of Non–Claim, and further by virtue of the Supreme Court's decision in *Dodson v. ⌊₄Charter Behavioral Health System of Northwest Arkansas, Inc.,* 335 Ark. 96, 983 S.W.2d 98 (1998), the Court finds that [the Estate's] Motion for Summary Judgment, should be, and hereby is, granted."

Appellant filed a timely appeal to our court of appeals. In affirming the circuit court's decision, the court of appeals considered the decision in *Dodson* to be controlling because of the factual similarities between *Dodson* and the present case. The court of appeals also believed that the *Dodson* court had implicitly rejected the argument that the non-claim period is extended by two years when a known or reasonably ascertainable creditor is not given actual notice. We subsequently granted the appellant's petition for review. When we grant a petition for review, we consider the appeal as though it had been filed originally in this court. *Orr v. Hudson,* 2010 Ark. 484, 374 S.W.3d 686.

In his first argument on appeal, appellant asserts that he was a known creditor as of the time he filed his complaint in circuit court and obtained service upon the Estate and that he was entitled to actual notice under Arkansas Code Annotated section 28–40–111(a)(4)(A). Further, appellant maintains that, because he did not receive actual notice, he had two years in which to perfect his claim against the Estate pursuant to Arkansas Code Annotated section 28–50–101(h).

 This case comes to us from an order of summary judgment. A circuit court may grant summary judgment only when it is clear that there are no genuine issues of material fact to be litigated and that the party is entitled to judgment as a matter of law. *Sw. Energy Prod. Co. ⌊₅v. Elkins,* 2010 Ark. 481, 374 S.W.3d 678. Normally, we determine if summary judgment is proper based on whether evidentiary items presented by the moving party leave a material fact unanswered, viewing all evidence in favor of the nonmoving party. *Hisaw v. State Farm Mut. Auto. Ins. Co.,* 353 Ark. 668, 122 S.W.3d 1 (2003). However, in cases such as this where the parties do not dispute the essential facts, we simply determine whether the moving party was entitled to judgment as a matter of law. *Jackson v. Blytheville Civ. Serv.*

*Comm'n,* 345 Ark. 56, 43 S.W.3d 748 (2001).

Appellant's arguments are based on Arkansas Code Annotated section 28–50–101 and section 28–40–111.[1] Section 28–50–101, the non-claim statute, provides in relevant part:

> (a)(1) . . . all claims against a decedent's estate . . . whether due or become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred as against the estate, the personal representative, or the heirs and devisees of the decedent, unless verified to the personal representative or filed with the court within (3) months after the date of the first publication of notice to creditors.
>
> (2) However, claims for injury or death caused by the negligence of the decedent shall be filed within six (6) months from the date of first publication of the notice, or they shall be forever barred and precluded from any benefit in the estate.
>
> . . . .
>
> (h) CLAIMS OF KNOWN OR REASONABLY ASCERTAINABLE CREDITORS BARRED. Notwithstanding any other provisions of this section to the contrary, the claims of all known or reasonably ascertainable creditors shall be barred at the end of two (2) years from date of first publication of notice to creditors, even if they have not been provided actual notice in accordance with § 28–40–111(a)(4).

As pertinent here, Arkansas Code Annotated section 28–40–111 provides:

> (a)(1)(A) Promptly after the letters have been granted on the estate of a deceased person, the personal representative shall cause a notice of his or her appointment to be published stating the date of his or her appointment and requiring all persons having claims against the estate to exhibit them, properly verified to him or her, within three (3) months from the date of the first publication of the notice, or they shall be forever barred and precluded from any benefit in the estate.
>
> (B) However, claims for injury or death caused by the negligence of the decedent shall be filed within six (6) months from the date of first publication of notice, or they shall be forever barred and precluded any benefit in the estate.
>
> . . . .
>
> (4)(A) Within one (1) month after the first publication of the notice, a copy of the notice shall also be served upon each heir and devisee whose name and address are known and upon all unpaid creditors whose names, status as creditors, and addresses are known to or reasonably ascertainable by the personal representative . . . .
>
> . . . .
>
> (C)(1) If thereafter, the names and addresses of any such creditors are ascertained, a copy of the notice shall be promptly served upon them.

In addition to *Dodson,* two other decisions of this court merit discussion. In the case of *In re Estate of Spears,* 314 Ark. 54, 858 S.W.2d 93 (1993), the Bowlings and the decedent, prior to his death, exchanged

---

1. The legislature revised both of these statutes in 2009 to extend the non-claim period for ordinary claims from three to six months. *See* Act No. 217 of 2009, §§ 1 & 2. In this opinion, we cite the former versions of the statutes because the amendments were not in effect at the time of the circuit court's deci-

sion in June 2009. Act 217 did not contain an emergency clause, and thus the amendments did not become effective until July 31, 2009, ninety-one days after the legislature adjourned. *See Law v. State,* 375 Ark. 505, 292 S.W.3d 277 (2009).

properties. As part of the consideration for the transaction, the decedent assumed the note and mortgage owed on the Bowlings' former home. Later, the |₇decedent conveyed the home to his brother, who defaulted on the loan following the decedent's death and after the non-claim period had expired for filing claims against the decedent's estate. The Bowlings were subsequently held liable for the debt, and they filed a claim against the decedent's estate seven months after the non-claim deadline. The probate court disallowed the claim on the ground that it was untimely. On appeal, the Bowlings argued that they were reasonably ascertainable creditors who were not afforded actual notice and that the estate's failure to give notice extended the non-claim period under Arkansas Code Annotated section 28–50–101(h). We held, however, that a creditor of an estate must be subject to identification during the non-claim period, and we rejected the contention that all estates must be kept open for two years in case additional claims came to light after the non-claim period expired. Based on this reasoning, we affirmed the circuit court's decision that the claim was barred because it was not reasonably ascertainable during the non-claim period, since the default occurred after the deadline for the filing of claims.

Our decision in *Brasel v. Estate of Harp,* 317 Ark. 379, 877 S.W.2d 923 (1994), also involved a claim filed outside the non-claim period, where the appellant claimed the status of a reasonably ascertainable creditor and argued that she had two years in which to file her claim because she had not been given actual notice. As in *Spears, supra,* we held that the appellant was not a reasonably ascertainable creditor because her claim could not have been identified during the non-claim period.

In *Dodson, supra,* the decedent was killed when her vehicle collided with two other |₈vehicles. Freddie Drain was the driver of the second vehicle the decedent struck, and Diann Dodson was a passenger in that vehicle. Drain died, and Dodson sustained injuries as a result of the accident. Within the non-claim period, Dodson filed suit against the decedent's estate in circuit court, asserting that the decedent had negligently caused the accident. Dodson also named Charter Vista Hospital as a defendant, claiming negligence in its treatment of the decedent, who was known to be severely depressed and suicidal. Drain's estate subsequently intervened as a plaintiff in the lawsuit. Charter Vista also filed a cross-claim against the decedent's estate. The decedent's estate moved for summary judgment against Dodson, the Drain estate, and Charter Vista, arguing that their claims were barred because none of them had filed a claim against the estate during the non-claim period. The circuit court denied the motion, ruling that the filing of the negligence complaint and service of the complaint upon the estate's administrator sufficiently met the requirements of the non-claim statute. On appeal, we disagreed with the circuit court's decision and reversed and remanded. We held that the plain language of Arkansas Code Annotated section 28–50–101(a)(2) required claims for injury or death to be filed within the probate estate during the non-claim period and that the filing and service of a complaint in circuit court did not satisfy the requirements of the non-claim statute. Accordingly, we concluded that the claims were barred as against the assets of the decedent's estate.

■ In the present case, appellant's filing and service of the complaint during the non-claim period did not meet the requirement of filing a claim against an estate.

*See Dodson, supra.* However, unlike the claim holders in *Spears, supra,* and *Brasel, supra,* appellant was identified as a creditor of the Estate within the non-claim period because he filed and completed service of the complaint against the Estate in circuit court. As a result, appellant became a known creditor of the Estate who was entitled to actual notice under Arkansas Code Annotated section 28–40–111(a)(4)(C)(i).

Noting these distinctions, we now consider appellant's argument, which is an issue of first impression, that Arkansas Code Annotated section 28–50–101(h) extends the non-claim period for two years when an estate fails to give actual notice to a known or reasonably ascertainable creditor who is identified during the non-claim period. The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Raley v. Wagner,* 346 Ark. 234, 57 S.W.3d 683 (2001). When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Stephens v. Ark. Sch. for the Blind,* 341 Ark. 939, 20 S.W.3d 397 (2000). When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *Id.* The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Snowden v. JRE Invs., Inc.,* 2010 Ark. 276, 370 S.W.3d 215.

In *Spears, supra,* we recognized that our non-claim statute was amended in response to the Supreme Court's decision in *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). In *Pope,* the Court considered the Oklahoma non-claim statute and held that, if a creditor's identity is "known or reasonably ascertainable," then the due process clause requires the giving of "notice by mail or other means as certain to ensure actual notice" and that constructive notice by publication was not sufficient. *Id.* at 491, 108 S.Ct. 1340. Because the failure to give actual notice to known or reasonably ascertainable creditors who are identified during the non-claim period results in the denial of due process, we conclude that it was the intent of the legislature when enacting section 28–50–101(h) to extend the non-claim period for two years when the required notice is not given. The record reflects that appellant filed a claim against the Estate within the two-year period. Therefore, his claim is not barred, and we reverse and remand for proceedings consistent with this opinion.

As his second point, appellant suggests that our decision in *Dodson, supra,* is at odds with this statutory interpretation and should be overturned. However, appellant is laboring under the mistaken impression that we decided that question in *Dodson.* We did not. The sole issue in that case was whether the filing and service of a complaint in circuit court was the functional equivalent of filing a claim against an estate. No argument was raised in *Dodson* that the non-claim period was extended based on the lack of notice. Our practice is to limit our opinions to the issues that are presented to us, and we are not bound by matters that are passed upon *sub silentio. Leonards v. E.A. Martin Mach. Co.,* 321 Ark. 239, 900 S.W.2d 546 (1995). As stated so well by the United States Supreme Court, "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute prece-

dents." *Webster v. Fall,* 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411 (1925). As the issue was not raised or decided in *Dodson,* there is nothing to overrule.

Reversed and remanded; court of appeals' opinion vacated.