JOSEPHINE LINKER.HART, Justice, dissenting. The question presented is simply whether Officer Travis Trammell is immune from liability for arresting and imprisoning Linda Wright without any legal authority to do so.. The majority’s analysis does not focus on whether Travis Trammell was entitled to summary judgment on immunity but instead answers the merits of Wright’s underlying claims, finding that “Trammell did not- commit the intentional torts of false arrest or imprisonment.” Moreover, by basing its analysis on this finding of fact, the majority errs, in reversing the circuit court’s decision to deny | inTrammell’s motion for summary judgment on the basis of immunity.' Thus, I respectfully dissent.. Pursuant to Rule 2 of the Arkansas Rules of Appellate Procedure — Civil, this court can hear appeals only from final orders or orders that fit within a specific exception. The majority purports to act under the exception set out in Rule 2(a)(10) of the Arkansas Rules of Appellate Procedure — Civil, which permits an appeal from an interlocutory “order denying a motion to dismiss or for' summary judgment based on the defense of sovereign immunity or the immunity ,of a government official.” Instead, the majority has ignored the immunity issue and erroneously conducted its own trial on the pleadings and concluded that “As a matter of law, Trammell did not commit the intentional torts of false arrest or false imprisonment.” The majority’s holding that the facts pleaded by Ms. Wright do not constitute the intentional tort of false imprisonment .is not an argument that Trammell made to the circuit court, and it was not ruled on by the circuit court. Moreover, the majority’s decision to reverse on this finding is erroneous. A motion for summary judgment based on qualified immunity is precluded only when the plaintiff has asserted a constitutional violation, demonstrated that the constitutional right is clearly established, and raised a genuine issue of fact as to whether the official would have known that the conduct violated that clearly established right. Baldridge v. Cordes, 350 Ark. 114, 119, 85 S.W.3d 511, 514 (2002). Thus, an official is immune from suit if his actions did not violate clearly established principles of law of which a reasonable person would have knowledge. Id., 85 S.W.3d at 514. The right to not be arrested without probable cause has, of course, long been a clearly established- constitutional right. Id. at 119, 85 S.W.3d at 514; In Ark. Const, art. II. § 15 (stating that the “right of the people of this State to be secure in their persons, houses,, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue, except upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and thé person or thing to be seized”). ■False imprisonment is an intentional tort. The Restatement (Second) of Torts provides that “an actor is subject to liability to another for false imprisonment if ... •he acts intending to confine the other or a third person within boundaries fixed by the actor.” Restatement (Second) of Torts § 35(l)(a) (Am. Law Inst. 1965). Moreover, as here, the “confinement may be by taking a person into custody under an asserted legal authority.” Restatement (Second) of Torts § 41(1). - A'person’s or organization’s entitlement to immunity is determined from the pleadings. See, e.g., Felton D. Rebsamen Med. Ctr., Inc., 373 Ark. 472, 284 S.W.3d 486 (2008). When we examine the pleadings, we are obligated to treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. Travelers Cas. & Sur. Co. of Am. v. Ark. State Highway Comm’n, 353 Ark. 721, 726, 120 S.W.3d 50, 52 (2003). Accordingly, this court’s de novo review is limited to the very simple question of whether Ms. Wright has stated a cause of action for false arrest/false imprisonment in her pleadings. Under Arkansas law, immunity is jurisdictional immunity from suit. Jd. | igThe majority states that Wright “has provided no facts to support her argument that Officer Trammell committed the intentional torts of false arrest or false imprisonment.” [2] |13Her complaint, however, stated that she was arrested by Officer Trammell without a valid warrant. In its analysis, the majority appears to conflate intentional conduct with malicious conduct. Malice, however, is irrelevant in determining whether a false imprisonment has occurred. The Restatement provides that if an “act which causes another’s confinement is done with the intention of causing the confinement, the actor is subject to liability although his act is not inspired by personal hostility or desire to offend.” Restatement (Second) of Torts § 44. This court has emphasized the point that a police officer’s state of mind is not an element of the tort of false arrest or false imprisonment. An “officer, without a particle of malice or ill-will, may arrest, by mistake, an innocent man and imprison him as a supposed felon, for which he may be sued for false imprisonment. So an officer may in good faith, and without malice, arrest and imprison a man upon a void writ, and yet he may be liable |uto an action for false imprisonment for making the assault.” Akin v. Newell, 32 Ark. 605, 607 (1877). Thus, Wright sufficiently pleaded the elements of this tort. Trammell is presumed to intend the natural and probable consequences of his actions. See, e.g., Williams v. State, 2015 Ark. 316, 468 S.W.3d 776, 781. I am mindful that Trammell relied on the Arkansas Crime Information Center (ACIC) to conclude that there was an active warrant for Wright. That fact is of no moment. An arrest warrant is a warrant issued by a disinterested magistrate after a showing of probable cause directing a law-enforcement officer to arrest and take a person into custody. See Davis v. State, 293 Ark. 472, 739 S.W.2d 150 (1987); Black’s Law Dictionary 1819 (10th ed. 2014). The ACIC is a law-enforcement agency governed by a board of directors. Ark.Code Ann. § 12-12-207 (Repl. 2009). The ACIC maintains the ACIS, which is a computer database that may be accessed by law-enforcement agencies. While warrants are listed in the ACIS database, a listing in the database is simply not a warrant. The Restatement further provides that an “arrest under a warrant is privileged when the person arrested is a person sufficiently named or otherwise described in the warrant and is, or is reasonably believed'by the actor to be, the person intended.” Restatement (Second) of Torts § 125(a). Thus, the majority should have asked whether. Wright was sufficiently identified in the warrant or whether Tram-mell reasonably believed Wright was the person to be arrested. Clearly, Wright was not sufficiently identified. In fact, the warrant established that Wright was not the person identified in the warrant. Moreover, there is no way in which Trammel could have “reasonably believed” that Wright was the person to be arrested. Trammell did not examine the contents of the warrant because he did not have the warrant l1fiin his possession, nor did he attempt to identify Wright by examining the information contained in the warrant. According to the Restatement, an “arrest under a warrant is not privileged unless the actor has possession of the warrant at the time of the arrest.” Restatement (Second) of Torts § 126. While Special Justice Gardner states in his concurring opinion that Wright failed to meet proof with proof, he misconstrues our standard of review in that this court determines whether summary judgment is proper by viewing all evidence in favor of the nonmoving party. See, e.g., Massey v. Fulks, 2011 Ark. 4, at 5, 376 S.W.3d 389, 391. Here, it is not disputed that Tram-mell had no authority to make an arrest, and his mea culpa claiming reliance on erroneous documentation generated and maintained by law enforcement agencies does not substitute for an arrest warrant issued by judicial officer. The false imprisonment alleged here was not the result of errors by court personnel. Rather, the fault lay with the law enforcement officer. We have considered this distinction important in the context of the Fourth Amendment. Hoay v. State, 348 Ark. 80, 71 S.W.3d 573 (2002). Wright alleges that due to errors committed by law enforcement officials, she was unlawfully imprisoned. For this, she should have recourse against those law enforcement officials who are responsible. Thus, the circuit court did not err in denying Trammell’s motion for summary judgment on the basis of immunity. I would affirm the circuit court’s decision. Baker, J., joins. .- The complaint stated in part as follows: 5. On May 14, 2012, Wright was with a group of people who were in Bella Vista, Benton County, Arkansas. Trammell, a police officer with the City of Bella Vista, Arkansas, came into contact with Wright. Trammell informed Wright that Wright had a warrant for her arrest out of the district court in Elkins, Arkansas, on a charge of Failure to Appear. 6. Wright immediately informed Trammell that there must be a mistake because- she had never been charged with anything in Elkins, never had a court date for anything in Elkins, and could not possibly have a warrant for Failure to Appear out of Elkins. Wright gave her Arkansas Drivers license to Trammell, and Trammell went back to his police car for several minutes. 7. After several minutes, Trammell again approached Wright and said that the warrant was indeed for her. Trammell then placed Wright under arrest, placed her in handcuffs, and transported her to the Benton County jail, located in Befitonville, Benton County, Arkansas. 8. Trammell placed Wright in the custody of the Benton County jail on May 14, 2012, at approximately 7:11 p.m. Wright remained in the Benton. County jail until May 15, 2012, at approximately 4:22 a.m, at which time she was released into the custody of the Washington County Sheriffs Office. Wright remained in police custody and was ' transferred to the- Washington County Jail. Wright remained in the Washington County jail until approximately 10:00 a.m. on May 15, 2012, at which time she bonded out of jail by paying a bonding company. 9. The Warrant of. Arrest relied on by Trammell on the charge of Failure to Appear out of Elkins District Court was for the following person: “Linda M. Wright," address of “321 Madison 2595, Huntsville, Arkansas 72740,” with a date of birth of June 16, 1972, and an Arkansas Driver's License number of 925033990. This information is on the front of the warrant itself and was available for view and confirmation by Trammell on the night he arrested Wright, 10. As indicated on her Arkansas Driver's License, which she gave to Trammell on the night of her wrongful arrest, Wright’s name is “L. Marlene Wright.” Her address on the night of her wrongful arrest was 4106 W. Mockingbird Lane in Rogers, Arltánsas 72756. Wright’s dates of birth is February 24, 1973. Wright's Arkansas Drivers License number is 911047009. This information was all available to and viewed by Trammell on the-night of Wright's wrongful arrest. 11.. It is clear from .the information on the Warrant of Arrest and Wright’s Arkansas Drivers License that Trammell arrested the wrong person on the Warrant of Arrest. 12. Trammell’s arrest of Wright was wrongful, false, and illegal. Trammell’s subsequent imprisonment of Wright was wrongful, false,, and illegal. Trammell’s acts unlawfully violated the personal liberty of Wright-, and Trammell detained Wright without sufficient legal authority. As a result. of Trammell’s acts, Wright suffered damages, emotional distress, embarrassment, mental anguish, and a deprivation of her liberty, among other things. CAUSE OF ACTION # 1 , 13. Trammell committed the state law tort of false arrest and false imprisonment.