Premanand Vinayak WAGH *v.* Frances Rosalie WAGH

CA 82-186                                   644 S.W.2d 630

Court of Appeals of Arkansas
Opinion delivered January 19, 1983

*Paul D. Gordon,* for appellant.

*Henry & Duckett,* by: *Richard L. Lawrence,* for appellee.

Tom Glaze, Judge. This is an appeal from certain property settlement provisions of a divorce decree in which the appellant alleges that the trial court erred as follows: (1) in awarding a $400 credit to appellant for his jewelry which appellee sold; and (2) in awarding appellee the use and possession of the parties' home. We affirm the chancellor's decree in both respects.

The parties lived apart for several years before they were divorced. A Decree of Separate Maintenance was entered in

October 1977 which set out the division of certain items of personal property, including the jewelry at issue, and which granted the appellee the use and possession of the family home for herself and the parties' children. A divorce hearing was held January 14, 1981. Another hearing was held May 19, 1981, at which time the court rendered its final decision. A decree of divorce was entered in October 1981 *nunc pro tunc* to the date of the May hearing.

No record was made of the May hearing; consequently, no transcript is available to determine the basis for the chancellor's final awards. A transcript of the January 14 hearing reflects appellee's testimony, that she sent three necklaces to California for her sister to sell and that appellee received proceeds of $900 from the sale. Two of the three necklaces belonged to appellant; the third to appellee. The appellant contends on appeal that his jewelry was worth $4,000, and that the trial court erred in giving him a credit of only $400 against child support and house payment arrearages he owed appellee. Without a transcript of the May hearing, we are unable to determine exactly how the chancellor arrived at the $400 figure. Rule 6 (d) of the Rules Appellate Procedure provides a method of reconstructing a record of proceedings when a stenographic record is not kept. However, appellant made no attempt to make a record in compliance with the rule. In this situation, we must presume that the matters presented in the unrecorded hearing support the trial court's findings. *Armbrust* v. *Henry*, 263 Ark. 98, 562 S.W.2d 598 (1978); *Watson* v. *Jones*, 233 Ark. 203, 343 S.W.2d 415 (1961).

Appellant contends that the court also erred in awarding appellee the use and possession of the home which they owned as tenants by the entirety rather than in ordering the house sold and the proceeds divided between the parties. He bases his assertion upon Ark. Stat. Ann. § 34-1215 (Supp. 1981), and upon the alleged financial straits of the appellant at the time of the divorce. We find this argument without merit. Under § 34-1215, parties who hold property as tenants by the entirety automatically become tenants in common at the time of divorce. In construing § 34-1215, the Supreme Court in *Yancey* v. *Yancey*, 234 Ark. 1046, 356 S.W.2d 649

(1962), held that the trial court, upon granting the divorce, may place one of the parties in possession of the premises, or it may order the property sold and the proceeds divided.[1] Thus, in the instant case, the chancellor's action in placing appellee in possession of the parties' property was certainly authorized under Arkansas law. In view of the record presented us in this case, we must presume that the chancellor's decision to put appellee in possession was not clearly against the preponderance of the evidence.

---

[1]In *Warren v. Warren*, 273 Ark. 528, 623 S.W.2d 813 (1981), the Supreme Court held that Act 705 of 1979, which amended the general property division statute, codified as Ark. Stat. Ann. § 34-1214 (Supp. 1981), did not effect a change in § 34-1215. We also note that a 1975 amendment to § 1215 provided that the change in estates is automatic at divorce, rather than being merely within the authority of the chancellor. This 1975 Amendment did not affect the rule and holding announced in *Yancey*.