Leonard McLEROY *v.* Thomas E. WALLER

CA 86-247                                                       731 S.W.2d 789

Court of Appeals of Arkansas
Division II
Opinion delivered July 1, 1987

*Meredith Wineland*, for appellant.

*William Clay Brazil*, for appellee.

BETH GLADDEN COULSON, Judge. The appellant, Leonard McLeroy, brings this appeal from an order of the Faulkner County Circuit Court which denied his petition to set aside an arbitration award. The appellant argues that the arbitration panel exceeded its authority by awarding punitive damages in a suit involving the alleged breach of a lease agreement and that the panel improperly refused to postpone its hearing when a subpoenaed witness left before being called to testify. Both parties cite *L.L. Cole & Sons, Inc.* v. *Hickman*, 282 Ark. 6, 665 S.W.2d 278 (1984), as determinative of the punitive damages issue and focus on the extent to which this case involves a tortious breach of contract.

We certified this case on April 16, 1987, pursuant to Rule 29(1)(o) of the Rules of the Supreme Court and Court of Appeals, but the case was returned by the supreme court; accordingly, jurisdiction is with this court. We affirm the circuit court to the extent that it upheld the arbitration panel's award of compensatory damages, notwithstanding the panel's refusal to postpone its hearing, because the appellant has failed to bring up a record sufficient for us to determine whether the refusal was improper. However, because we find that the arbitration panel was without authority to make an award of punitive damages, the panel's award is to that extent invalid on its face, and we modify the circuit court's order by reducing the amount awarded to the appellee by $2,000.00 (the punitive damages award).

In April of 1981, the parties entered into a lease agreement whereby the appellant leased approximately 120 acres of farm land to the appellee for a period of five years. Sometime in 1983, the appellant notified the appellee that the lease was being terminated. The appellee brought suit seeking damages for wrongful termination, and the appellant counterclaimed. Pursuant to a provision in the lease, the matter was submitted to an arbitration panel. The appellant had subpoenaed a witness to present testimony showing that the appellee had failed to fulfill the terms and conditions of the lease. The witness appeared on the day of the hearing but was not present when called, and the arbitration panel refused to postpone the hearing.

The arbitration panel awarded the appellee compensatory damages for lost profits suffered as a result of the wrongful termination. The panel also found that the appellant's termination had been wilfull and had been motivated by a desire to benefit from the appellee's preparation of the land; this finding led to an award of $2,000.00 in punitive damages. The circuit court denied the appellant's motion to vacate that award, and from that order comes this appeal.

In Arkansas, arbitration is strongly favored by public policy and is looked upon with approval by courts as a less expensive and expeditious means of settling litigation and relieving congested court dockets. *Dean Witter Reynolds Inc.* v. *Deislinger*, 289 Ark. 248, 711 S.W.2d 771 (1986). The decision of the arbitration board on all questions of law and fact is conclusive, and the award shall be confirmed unless grounds are established to support vacating or modifying the award. Ark. Stat. Ann. §§ 34-521 — 34-523 (Supp. 1985); *Wessell Brothers Foundation Drilling Co.* v. *Crossett Public School District, No. 52,* 287 Ark. 415, 701 S.W.2d 99 (1985).

The fact that parties agree to submit their disputes to arbitration implies an agreement to be bound by the arbitration board's decision, and every reasonable intendment and presumption is in favor of the award; it should not be vacated unless it clearly appears that it was made without authority, or was the result of fraud or mistake, or misfeasance or malfeasance. Unless the illegality of the decision appears on the face of the award, courts will not interfere merely because the arbitrators have mistaken the law, or decided contrary to the rules of established practice as observed by courts of law and equity. *Alexander* v. *Fletcher,* 206 Ark. 906, 175 S.W.2d 196 (1943); *Kirsten* v. *Spears,* 44 Ark. 166 (1884).

The appellant argues that the arbitration panel's decision should have been set aside because the panel improperly refused to postpone its hearing when it was discovered that the appellant's witness, who had been subpoenaed and had appeared, left before being called to testify. Ark. Stat. Ann. §§ 34-521 and 34-522(4) (Supp. 1985) combine to provide that the grounds for vacating or modifying an arbitration award may include both the refusal of the arbitrators to postpone the hearing upon sufficient

cause being shown, and the refusal to hear evidence material to the controversy so as to substantially prejudice the rights of a party. Unfortunately, the proceedings at the arbitration hearing, including the testimony of witnesses and the discussion between counsel for the parties and the panel, were neither transcribed nor recorded, and we are unable to determine whether error occurred.

■ This court, citing Rule 6 of the Rules of Appellate Procedure, has held that where an appellant has made no attempt to make a record in compliance with the rule, we must presume that the matters presented in an unrecorded hearing support the trial court's findings. *Wagh* v. *Wagh*, 7 Ark. App. 122, 644 S.W.2d 630 (1983). While the record does contain a six paragraph narrative statement of the proceedings at the hearing, there is no indication that this statement was made in compliance with the requirements of subsection (d) of Rule 6, and the statement is otherwise so deficient as a reconstruction of the events at the hearing that we are unable to make a meaningful review on this issue. The burden is upon the appellant to bring up a record sufficient to demonstrate that there was error below. *SD Leasing, Inc.* v. *RNF Corp.*, 278 Ark. 530, 647 S.W.2d 447 (1983). We find that the appellant failed to meet this burden and have no choice but to affirm the circuit court's order on this point. *SD Leasing, supra.*

In arguing the propriety of the arbitration panel's award of punitive damages, both parties cite *L.L. Cole & Sons, Inc.* v. *Hickman*, 282 Ark. 6, 665 S.W.2d 278 (1984), and contend that the dispositive issue is whether this action sounds in tort, in contract, or in both. The appellee argues that this case involves tortious conduct by the appellant, and punitive damages could therefore be awarded. The appellant does not dispute that tortious conduct may support an award of punitive damages but argues that the suit was one for breach of contract, and punitive damages are therefore not permissible. We find it unnecessary to determine the extent to which the facts of this case involve either a breach of contract or some element of a tort.

■ An award of punitive damages under the facts of this case required evidence of tortious conduct. Arkansas law does not permit cases involving torts to be resolved by arbitration. As such, the arbitration panel was without power to rule upon any action

by the parties which would have supported an award of punitive damages. Ark. Stat. Ann. § 34-511 (Supp. 1985) provides that sections 34-511 — 34-532 (the Uniform Arbitration Act) do not apply to tort matters. In *Jim Halsey Co.* v. *Bonar*, 284 Ark. 461, 683 S.W.2d 898 (1985), our supreme court determined that cases which present questions in the law of torts are not subject to resolution by arbitration. *See also* Annot., 83 A.L.R. 3d 1037 (1978), *Arbitrator's Power To Award Punitive Damages.*

For the foregoing reasons, the circuit court's order is modified to reflect a reduction of $2,000.00 in the amount awarded to the appellee pursuant to the arbitration panel's award. The order is otherwise affirmed.

Affirmed as modified.

CRACRAFT and JENNINGS, JJ., agree.