Cite as 2020 Ark. App. 89

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-19-325

|  |  |  |
|---|---|---|
| JESSICA GLOVER | APPELLANT | **Opinion Delivered:** February 5, 2020 |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04DR-18-1633] |
| V. | | |
| LANCE GLOVER | APPELLEE | HONORABLE DOUG SCHRANTZ, JUDGE |
| | | AFFIRMED |

### MIKE MURPHY, Judge

The Benton County Circuit Court entered a divorce decree by default dissolving the marriage of the appellant, Jessica Glover, and the appellee, Lance Glover. The decree settled their property and debt issues and awarded custody of their two children to Lance. Jessica subsequently filed a motion to set aside the decree, which the court denied. She now appeals from the divorce decree and the order denying her motion to set aside. We affirm.

Lance and Jessica were married in June 2009 and separated in July 2018. Lance filed a complaint for divorce on September 11, 2018. Although no affidavit of service appears in the record, Jessica concedes she was served with the complaint on September 13, 2018. Jessica failed to file an answer to the complaint, and a decree was entered by default on November 2. The decree divided $4,623.11 in credit-card debt equally between the parties; found the parties jointly owned a residence and, unless they could agree otherwise, ordered

it sold with the proceeds to be split equally after paying off the mortgage and costs of the sale; and awarded primary custody of the two minor children to Lance with standard visitation to Jessica and ordered her to pay chart-based child support.

On November 8, 2018, with the benefit of counsel, Jessica filed a motion to set aside the divorce decree under Rule 55 of the Arkansas Rules of Civil Procedure. She argued that the decree should be set aside under Rule 55(c)(3) because Lance fraudulently induced her to fail to appear by representing to her that the parties agreed to terms of a settlement. The motion articulated her belief that she and Lance had an agreement in place concerning the residence, the debt, and custody. Jessica claimed Lance had relinquished his equity in the property in August 2018, and he did not state in his complaint there was real property to divide. She next noted that the children reside almost every night with her, and Lance's complaint asked that the parties be awarded joint legal and physical custody of the children. And lastly, Jessica asserted that Lance had asked her to pay the credit card balance in full and remove her name, and the complaint did not mention the debt that remained on the card.

Lance responded by claiming an agreement had not been reached, including several text messages as exhibits for proof. He further asserted that it was Jessica's responsibility to stay informed about the status of the case, and when she inquired as to a court date, he advised her to contact his attorney, which she failed to do.

A hearing was conducted on December 19 to set aside the default judgment, and both parties appeared in person and through counsel. The circuit court denied Jessica's motion, finding the following: Jessica "is sophisticated, knows lawyers, and knows the law"; Jessica was properly served and failed to file an answer or otherwise appear and defend; no

2

agreement regarding custody and property was entered into by the parties; and the parties' course of conduct did not rise to the level of an agreement. On appeal, she contends the circuit court erred in refusing to set aside the default judgment because there was no proof of statutory grounds supporting the decree and because she proved Rule 55(c) grounds.

As a preliminary matter, Jessica argues that the judgment must be reversed because there is no proof in the record to support the statutory grounds for divorce. She bases this argument on the fact that no reported hearing was held.

According to Rule 6(d) of the Arkansas Rules of Appellate Procedure–Civil, if no record of the evidence or proceedings is made, the appellant may prepare a statement of the evidence or proceedings from the best means available, and the appellee may respond with amendments or objections. The circuit court then settles and approves the record. When there is no attempt to make a record in compliance with Rule 6(d), it is presumed that the matters presented in the unrecorded hearing support the circuit court's findings. *Argo v. Buck*, 59 Ark. App. 182, 954 S.W.2d 949 (1997). In *Turner v. Brandt*, 100 Ark. App. 350, 268 S.W.3d 924 (2007), we held that because appellant did not attempt to reconstruct a record under Rule 6(d) of the Arkansas Rules of Appellate Procedure–Civil, she could not demonstrate error by the circuit court concerning its failure to make a record.

Here, the circuit court's judgment states that the court's findings were based on "the proof, pleadings, [and] corroborating testimony of Derek Cameron Glover." We recognize that Jessica was not at the hearing and was thus not privy to the testimony to attempt to prepare a statement under 6(d), but she did not raise her concern with the circuit court regarding its failure to make a record below in her motion to set aside or at the hearing.

3

Moreover, we must presume that the testimony was sufficient to support the findings of the court. *Phillips v. Ark. Real Estate Comm'n*, 244 Ark. 577, 426 S.W.2d 412 (1968); *Argo*, 59 Ark. App. 182, 954 S.W.2d 949; *Wagh v. Wagh*, 7 Ark. App. 122, 644 S.W.2d 630 (1983). Jessica argues that a default does not cure Lance's failure of proof, but because the court based its findings on the "proof, pleadings, [and] corroborating testimony of Derek Cameron Glover," we must presume this proof was sufficient to support the court's findings. Accordingly, we conclude that Lance met his burden and Jessica cannot demonstrate error.

We now shift our analysis by recognizing that pursuant to Rule 55(c) of the Arkansas Rules of Civil Procedure, the circuit court may, upon motion, set aside a default judgment previously entered for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) the judgment is void;

(3) fraud, misrepresentation, or other misconduct of an adverse party; or

(4) any other reason justifying relief from the operation of the judgment.

Ark. R. Civ. P. 55(c). Further, the party seeking to set aside the judgment must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown. *Id.* Our standard of review depends on the grounds on which the appellant is claiming that the default judgment should be set aside. *West v. West*, 103 Ark. App. 269, 288 S.W.3d 680. In cases in which the appellant claims that the default judgment is void, the matter is a question of law, which we review de novo and give no deference to the circuit court's ruling. *Id.* In all other cases in which we review the motion to set aside a default judgment, we do not reverse absent an abuse of discretion. *Id.*

4

Jessica argues that the court failed to set aside the judgment because she proved the following grounds: (2) void judgment, (3) misrepresentation or misconduct of adverse party, and (4) any other reason justifying relief. She further asserts that she proved a meritorious defense to the action.

First, Jessica argues that the circuit court erred by granting relief in excess of what Lance pleaded in the complaint. She further claims that she was entitled to a hearing on the "damages" (the division of marital debt, assets, and custody). She claims she had no notice that she would be responsible for half of the credit-card debt, that Lance was interested in the house, and that Lance wanted primary custody because the complaint she was presented with said otherwise.

The sole issue before the court below was whether the default judgement should be set aside based on Rule 55(c)(3) of the Arkansas Rules of Civil Procedure. Specifically, Jessica argued Lance committed fraud, misrepresentation, and misconduct against her by obtaining the decree by default.[1] Jessica appeared at the hearing on the motion but failed to raise the issue that she was entitled to a damages hearing, and she did not get a ruling from the court regarding her issue that the judgment exceeded the requested relief.

In *McPeak v. McPeak*, 2015 Ark. App. 638, at 3, we stated,

> Although our court reviews divorce cases de novo on the record, that review does not mean that we can entertain new issues on appeal when the opportunity presented itself for them to be raised below and that opportunity was not seized. It is incumbent on the parties to raise arguments initially to the trial court in order to give that court an opportunity to consider them and preserve them for appellate review.

---

[1]She also asserted that the decree did not reflect their agreement or the actions already in place prior to the decree being entered. The court found there was no agreement, and she abandons this point on appeal.

Similarly, Jessica claims that the judgment is void, which we review de novo and give no deference to the circuit court's ruling. However, Jessica had an opportunity to raise these specific concerns at the motion hearing, but she did not. Consequently, the court's order fails to make a ruling on these issues. It is well settled that we do not consider arguments that are not first raised in the circuit court; otherwise, we would be placed in the position of reversing a circuit court for reasons not addressed by that court. *See Vongkhamchanh v. Vongkhamchanh*, 2015 Ark. App. 584, at 6, 473 S.W.3d 570, 573. We find the arguments are not preserved for our review.

Jessica further argues that the court's custody award ignores the statutory preference for joint custody. However, Jessica never advanced this argument below. As previously mentioned, the issue before the court was whether the judgment should be set aside on the basis of fraud. The court's order denying Jessica's request to set the judgment aside makes no specific ruling regarding the classification of property, debt, and best interest of the children. Therefore, this argument is not preserved for appeal.

Next, Jessica argues that the judgment should be set aside pursuant to Rule 55(c)(3) because of fraud and misconduct of the adverse party. She asserts that Lance took advantage of her by refusing to be straightforward with her about the proposed decree and the hearing date. For this argument, we do not reverse absent an abuse of discretion. *West*, 103 Ark. App. 269, 288 S.W.3d 680.

Although not directly on point, *Villanueva v. Valdivia*, 2016 Ark. App. 107, 483 S.W.3d 308, is instructive. There, appellee filed for divorce from appellant and sought custody of their three children. Appellant was served with a summons and the complaint,

but she failed to file a response. She was also served with a notice of hearing for temporary custody. She did not attend the hearing, and the court instead elected to proceed on the final merits of the case and entered a divorce decree awarding custody to appellee subject to appellant's reasonable visitation. On appeal, appellant argued that a court cannot change the purpose of a hearing without the party's prior notice of its intent. Relying on our supreme court's holding in *McGraw v. Jones*, we affirmed the divorce and custody award because "defendants are presumed to know that if they do not respond, they will suffer default judgments and may suffer a monetary judgment against them." 367 Ark. 138, 146, 238 S.W.3d 15, 21 (2006).

Here, Jessica received the divorce complaint and summons advising her that failing to respond within thirty days would result in default judgment. She testified that Lance is not a trustworthy person but that she would have hired an attorney and filed a response if Lance indicated a change in the documents she was served with. She further testified that she had told Lance that she was "not an idiot" and that she "[knew] the legal process and a judge's schedule much better than he could dream to." Jessica knew she could have hired an attorney and needed to respond to the complaint, yet she still chose not to.

Overall, Jessica's argument on appeal directs us to testimony that favors her, and she essentially asks us to reweigh the evidence in her favor, which we will not do. We must give due regard to the opportunity of the circuit court to judge the credibility of witnesses. *West*, 103 Ark. App. 269, 288 S.W.3d 680. Further, we are not persuaded by Jessica's argument that Lance took advantage of her by refusing to be straightforward because the burden of diligence is on all parties to stay informed about the status of a case. *See Woodson*

7

*v. Woodson*, 2012 Ark. App. 663, at 8. Under these facts, we cannot conclude that the court abused its discretion in refusing to aside the judgment due to fraud or misconduct.

Lastly, Jessica asserts that the judgment should be set aside pursuant to the fourth factor in Rule 55(c)—"any other reason justifying relief." Under this point, Jessica takes issue with the fact that there is no evidence the court considered that default judgments are disfavored in the law. She asserts that the circuit court failed to recognize the totality of the circumstances and adopted a rigid approach. However, Jessica failed to make this argument below, and it is therefore not preserved.

Affirmed.

GRUBER, C.J., and ABRAMSON, J., agree.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

*Gunn Kieklak Dennis LLP*, by: *Jennifer Lloyd*, for appellee.