Cite as 2024 Ark. App. 156

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-22-549

| | |
|---|---|
| EDWARD WESTER | **Opinion Delivered** February 28, 2024 |
| APPELLANT | APPEAL FROM THE SHARP COUNTY CIRCUIT COURT |
| V. | [NOS. 68DR-17-189 & 68CV-18-171] |
| TRINA WESTER, FLOYD PROCK, AND DEBBIE ANDERSON | HONORABLE MICHELLE C. HUFF, JUDGE |
| APPELLEES | AFFIRMED |

## WAYMOND M. BROWN, Judge

This appeal is taken from Sharp County Circuit Court orders entered in consolidated cases *Edward Wester v. Trina Wester* (68DR-17-189), a divorce action, and *Floyd Prock and Debbie Anderson v. Edward Wester* (68CV-18-171), a civil proceeding. On appeal, appellant Edward Wester asserts various challenges to the validity and scope of the default judgment entered in the divorce action. He also attacks the amended order and the contempt order entered in the cases. We affirm the arguments properly before the court.

Edward and separate appellee Trina Wester were married on January 11, 2017. The parties separated later that same year, on October 20. The marriage, although brief, brought about prolonged litigation, multiple cases, additional parties asserting claims related to the same piece of real property, and findings of contempt. The recitation of facts is somewhat repetitive based on the overlapping of the two underlying cases in both time and claims.

Edward filed a complaint for divorce on October 26. In his complaint, Edward stated, "The parties have made an equitable division of the real and personal property and debt." Trina filed an answer and counterclaim for divorce on November 20. In her counterclaim, Trina stated, "[T]he parties have both real property and personal property rights that require adjudication or resolution through agreement by the parties." Edward filed an answer to the counterclaim on November 28. In his answer, Edward stated "that his real property is not marital property[.]" On February 26, 2018, appellees Floyd Prock and Debbie Anderson filed a motion for leave to intervene in the Westers' divorce action. The motion stated that Anderson is Trina's mother, and as such, prior to the Westers' marriage,

> On August 5, 2016, Floyd Prock and Debbie Anderson gave a Promissory Note to Gary R. Troyan, Trustee, in the principal sum of Twenty Two thousand Four Hundred Dollars ($22,400.00), which was the equity for Plaintiff's purchase of the following described lands lying in Sharp County, Arkansas:
>
>> Lot 55, Block 4 Navajo 2nd Addition to Cherokee Village Subdivision, Sharp County, Arkansas.
>>
>> A/D/A: 82 Enid Road, Cherokee Village, Arkansas 72529.
>
> On October 24, 2016, Gary R. Troyan, Trustee, caused to be filed Book 2016 at Page 12814 of the records of the Clerk of the Courts of Sharp County, Arkansas a certain Satisfaction of Mortgage, reflecting payment of the indebtedness by Floyd Prock and Debbie Anderson.

Prock and Anderson claimed entitlement to an equitable lien in the amount of $22,400 on the subject property and that they are necessary parties to the Westers' divorce case. The court denied the motion for leave to intervene on May 9.

On August 16, Prock and Anderson filed a separate civil action against Edward concerning the residence located at 82 Enid Road. The complaint stated that Prock and Anderson "wanted Trina to begin her marriage in a new home"; however, Edward represented to them that title must be in

his name only in order to qualify for financing through his military benefits. Prock and Anderson gave a $22,400 promissory note to Gary Troyan, Trustee, "which was the equity for the purchase of the subject property." On October 24, 2016, a warranty deed was filed conveying the subject property to Edward "with no consideration." A satisfaction of mortgage was also filed that same day, reflecting payment of indebtedness by Prock and Anderson. Prock and Anderson asserted that they "are victims of fraud, actual, or constructive, undue influence and failure of consideration." They claimed that Edward made false representations of material fact intending to cause them to act in reliance on his representations "with the result being the loss of their [$22,400] equity in the subject property." Prock and Anderson requested an award for actual and punitive damages, as well as attorney's fees.

Trina filed an amended counterclaim for divorce on December 7, 2018. In her amended counterclaim, she asserted the same claims that Prock and Anderson made in their civil complaint regarding certain real property. Trina stated that Prock and Anderson gave a $22,400 promissory note to Gary Troyan, Trustee, "which was the equity for the purchase of the subject property with the intent that this was a gift to [Trina], the daughter of [Anderson]. Trina asserted that she, Prock, and Anderson were victims of fraud, actual, or constructive, undue influence and failure of consideration. She requested an absolute divorce; equitable division of marital property and marital debts; that the marital residence be sold; that the first $22,400 of net proceeds from the sale of the marital residence be paid either to her or to Prock and Anderson; that the remaining net proceeds be divided; that the court award actual and punitive damages; that her name be restored to Trina Marie Polston; and for all other relief to which she is entitled.

3

On December 12, Prock and Anderson filed a motion to consolidate cases, stating that the divorce proceeding and the civil action both concern claims to assets by Edward, specifically to certain real property located in Sharp County.

Edward did not file a response to Trina's amended counterclaim. Based on his failure to respond, Trina filed a motion for partial summary judgment on November 4, 2019. Edward then, on November 13, filed an answer to the amended counterclaim, approximately eleven months after the amended counterclaim was filed by Trina. In his answer, Edward asserted various affirmative defenses and moved to dismiss Trina's amended counterclaim pursuant to Rule 12(b) of the Arkansas Rules of Civil Procedure for lack of jurisdiction over the person, insufficiency of process, insufficiency of service, and failure to state facts upon which relief could be granted. In response, Trina filed a motion to strike untimely answer to amended counterclaim and for default judgment under Rule 55 of the Arkansas Rules of Civil Procedure. Edward failed to respond to the motion to strike untimely answer to amended counterclaim and for default judgment.

On February 3, 2020, for purposes of judicial economy, the circuit court entered an order consolidating the divorce action and the civil proceeding. On that same day, February 3, the circuit court entered an order granting Trina's motion for default judgment on her amended counterclaim and striking untimely answer. Trina was granted the relief requested in her amended counterclaim. Edward was adjudged liable to Trina, Prock, and Anderson for both actual and punitive damages for actual fraud, for constructive fraud, for undue influence, and for failure of consideration in amounts to be proved at trial. Edward filed a motion to set aside the default judgment; this motion was denied two years later, on February 7, 2022, in the amended order entered in the cases.

On September 30, 2020, Edward filed a countercomplaint against Prock and Anderson for breach of contract, breach of warranty, breach of seisen, and complaint against Trina for tortious interference of contract. Trina, Prock, and Anderson moved to strike Edward's countercomplaint. An order was entered on January 5, 2022, disposing of the outstanding motions:

- Edward's motion for partial summary judgment was denied.

- Trina's motion for partial summary judgment was rendered moot by the order granting default judgment.

- Edward's motion to set aside default judgment was denied.

- Trina's motion to strike motion to set aside default judgment or, alternatively, response to motion to set aside default judgment was moot.

- Edward's complaint against third-party plaintiffs/defendants for breach of contract, breach of warranty, breach of seisen and complaint against Trina for tortious interference of a contract was time-barred.

- Trina, Prock, and Anderson's motion to strike countercomplaint was granted.

- Trina's motion to direct Edward to relocate from the premises was granted.

The order directed that Trina, Prock, and Anderson's attorneys' fees and costs shall be deducted from Edward's net proceeds from the sale of the property; $22,400 of Edward's net proceeds shall be deducted and paid to Prock and Anderson; if Edward's net proceeds are insufficient to pay all of the above, he shall immediately pay from his personal funds any deficiency. Edward was directed to immediately vacate the subject property; he was authorized to remove only his clothing and toiletries; and the court ordered the subject real property to be sold with the proceeds distributed as specified in the order. Edward filed a motion to set aside the order for fraud contending that at the November

5

22, 2021 hearing on the motion to set aside default judgment, an agreement was read into the record, but no final order was signed and filed.

Trina filed a motion for contempt on January 12, 2022, a week after the court's entry of the "order." She stated that Edward was in contempt of the court's order directing him to vacate the residence immediately. She stated that Edward "has steadfastly and vehemently refused to vacate the premises in violation of" the court's order.

The circuit court entered an amended order on February 7 finding it "necessary to be amended to indicate agreement of the parties and the continuing jurisdiction of the Court." The amended order was duplicative of the January 5 order, except that it now directed Edward to vacate the residence on or before March 5, 2022, instead of "immediately." Trina filed another motion for contempt and order to show cause on March 9, and an amended motion for contempt and order to show cause on March 16 asserting that Edward, in violation of the circuit court's amended order, removed "all personal property, including all furniture, personal property, and both free standing and built-in appliances" from the residence. Edward, in his sworn affidavit attached to his response to Trina's contempt motion, stated the removal of the property from the house was an "honest mistake" and that he is willing to return the personal property to the home.

On May 11, a decree of absolute divorce between Edward and Trina was entered on the grounds of eighteen months' continuous separation. Also on May 11, an order for contempt was entered finding that Edward was in willful disobedience of the orders of the court. "This Court finds that the language directing [Edward] to vacate on a date certain and to leave all personal property except his clothes and toiletries is clear." Further, "[t]his Court finds that [Edward] offered nothing

reasonable that he did not know he was to leave the personal property behind when he vacated and that it is too late to return it."

The court sentenced Edward to thirty days in jail, suspending the imposition of sentence contingent on Edward's obedience of the court's order until he has fully complied with the orders. Edward was directed to pay a total of $13,500 in attorney's fees for the necessity of adjudicating his contempt. The contempt order directed that pursuant to the amended order, Trina, Prock, and Anderson's attorneys' fees and costs shall be deducted from Edward's net proceeds from the sale of the property; $22,400 of Edward's net proceeds shall be deducted and paid to Prock and Anderson for equity in the subject property; $24,000 of Edward's net proceeds shall be deducted and paid to Prock and Anderson for their personal property; $3,300 shall be deducted and paid to Trina for new appliances; $1,450 shall be deducted and paid to Trina for her handguns; $600 shall be deducted and paid to Trina for utilities and security; $7,500 shall be deducted and paid to Trina for the cost of a boat dock; and that if Edward's net proceeds are insufficient to pay all of the above, he shall immediately pay from his personal funds any deficiency. Edward now appeals.

As an initial matter, we note that appellees urge this court to dismiss the appeal in its entirety without considering any of Edward's arguments because although the appeal principally challenges the default judgment entered on February 3, 2020, Edward did not file an appeal from the default judgment until June 8, 2022, thereby making it untimely. While we do find that we cannot address the merit of Edward's arguments related to the default judgment, we disagree with appellees' explanation as to why we cannot reach the default-judgment challenges.

7

Rule 2(a)(4) permits an interlocutory appeal from "an order which strikes out an answer, or any part of an answer, or any pleading in an action."[1]  If an order is appealable under Rule 2(a), it must be appealed within the thirty days after entry of the order as prescribed by Rule 4(a).[2]  Here, Edward failed to timely appeal from the portion of the February 3, 2020 order striking his answer to the amended counterclaim for untimeliness.  Therefore, we grant appellees' motion to dismiss in part, as to the order striking Edward's untimely answer to the amended counterclaim.

Following entry of the order granting default judgment, Edward filed a motion to set aside the order of default.  The motion to set aside was denied in the amended order filed on February 7, 2022.  Edward also appeals from the amended order that denied his motion to set aside the order of default.[3]

Rule 55 of the Arkansas Rules of Civil Procedure governs default judgments.  Subsection (c) provides the means for setting aside default judgments:

> The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment.  The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown.

---

[1] *See* Ark. R. App. P.–Civ. 2(a)(4).

[2] *See In re Estate of Stinnett*, 2011 Ark. 278, 383 S.W.3d 357.

[3] The notice of appeal was also not filed within thirty days of the amended order.  However, the amended order lacked finality due to a pending motion for contempt.  Because "contempt is not merely a collateral issue, like attorney's fees," a circuit court's order is not final and appealable when a contempt issue remains pending.  *Anderson-Tully Co. v. Vaden*, 2018 Ark. App. 484, 562 S.W.3d 249. Edward's notice of appeal was filed after the decree of divorce and the contempt orders were entered.

Our standard of review for an order denying a motion to set aside a default judgment depends on which grounds the appellant claims the default judgment should be set aside.[4] When an appellant claims that the default judgment is void, we conduct a de novo review and give no deference to the circuit court's ruling because the matter on appeal is a question of law.[5] In all other challenges to the denial of a motion to set aside a default judgment, we do not reverse absent an abuse of discretion.[6]

In his motion to set aside the default judgment, Edward stated:

> The entry of the default judgment was entered through no fault of the plaintiff; and should be set aside due to mistake, inadvertence, surprise, or excusable neglect. See Rule 55(c), Arkansas Rules of Civil Procedure.
>
> An email from Plaintiff's Attorney, a copy of which is attached hereto and incorporated by reference herein, to the Court and opposing counsel in response to Defendant's Motion to Strike Untimely Answer to Amended Counterclaim and for Default Judgment, affirmatively shows that the default judgment was entered through no fault of the Plaintiff.

In his brief in support of the motion, Edward stated, "The fault in this case lies solely with plaintiff's attorney's failure to timely file a responsive pleading to defendant's amended counterclaim." Trina's amended counterclaim was filed on December 7, 2018. Edward's answer to amended counterclaim was filed nearly a year later on November 13, 2019. Edward had ample time to respond to the amended counterclaim. He offered no argument that his counsel's neglect was excusable. Failure to attend to business is not excusable neglect.[7] We find no abuse of discretion in the circuit court's denial of the motion to set aside default judgment.

---

[4]*Steward v. Kuettel*, 2014 Ark. 499, 450 S.W.3d 672.

[5]*Glover v. Glover*, 2020 Ark. App. 89, 595 S.W.3d 54.

[6]*Id.*

[7]*Volunteer Transp., Inc. v. House*, 357 Ark. 95, 162 S.W.3d 456 (2004).

Furthermore, once a default judgment has been entered, Rule 55(c) requires a two-step analysis before a defaulting defendant can succeed in having a default judgment set aside. In this case, as discussed above, Edward failed to make a threshold showing by proving that one of the four enumerated categories of legally acceptable reasons or excuses existed to justify setting aside the default judgment.[8] Because the threshold was not met, this court does not reach the second step of the analysis—whether Edward had a meritorious defense to the action. Moreover, even if the threshold showing had been met, we would still be unable to reach the second step of the analysis; Edward failed to present any argument as to a meritorious defense to the action.

In his appeal, Edward argues the following:

- The default judgment as pled does not support the judgments entered; or at all as to Prock and Anderson, who were not parties to the divorce proceeding.

- The default judgment was entered without hearing, based on an impermissible motion default, and without factual findings as to service of the underlying counterclaim.

- The consideration of damage claims in divorce proceeding was beyond the scope of default.

- The award of damages not pled in the amended counterclaim was beyond the scope of default.

- Absent default, there was no proof of the civil proceeding claims.

In the above points, Edward challenges the default judgment for a multitude of reasons: (1) Prock and Anderson were not parties in the divorce, thus, default was improper as to them; (2) Prock and Anderson did not file a motion for default; (3) Prock and Anderson's claims for relief were granted by way of the default without analysis of their individual claims; (4) the default judgment exceeded

---

[8] *See Truhe v. Grimes*, 318 Ark. 117, 884 S.W.2d 255 (1994).

the scope of the causes of action sufficiently pled; (5) no hearing was held on the motion for default; (6) the court made no finding as to service of the pleadings prior to entering the default judgment; (7) a divorce default should have resulted in the equitable division of assets; (8) certain damages awarded were not pled in the amended counterclaim and could not be recovered by default; and (9) due to the default judgment, there was a lack of proof required to support Prock and Anderson's claims for damages in the civil action. It is well settled that a party must object at the first opportunity to preserve an issue for appeal, including arguments that default judgments should be set aside.[9] Our review of the record reveals that these challenges, to the extent they are before us, are not preserved for our review because they were not raised below.

It is clear that Edward timely appealed from the circuit court's entry of the decree of absolute divorce and order for criminal contempt filed on May 11, 2022.

Edward asserts that the circuit court erroneously found him in contempt. To establish contempt, there must be willful disobedience of a valid order of a court.[10] Before a person can be held in contempt for violating a court's order, the order must be definite in its terms, clear as to what duties it imposes, and express in its commands.[11] This court will not reverse a finding of contempt unless it is clearly against the preponderance of the evidence.[12] A contempt finding is clearly against the preponderance of the evidence if, although there is evidence to support it, the

---

[9]*Bates v. Homan*, 2021 Ark. App. 266.
[10]*Williams v. Arnold*, 2015 Ark. App. 715, 479 S.W.3d 56.

[11]*Id.*

[12]*Elder v. Elder*, 2018 Ark. App. 276, 549 S.W.3d 919.

reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made.[13]

In challenging the circuit court's contempt finding, Edward contends "contempt should be reversed or terminated to the extent it purports to enforce any judgment or order otherwise overturned here." As this court has not, by way of this appeal, "overturned" any orders on which Edward's contempt was based, we need not consider this argument.

To the extent that Edward's argument may be construed as an assertion that he did not willfully disobey a valid court order, we find no merit.

On February 26, 2018, the circuit court entered a mutual restraining order directing that the "parties are further enjoined from selling . . . any of the property belonging to the parties . . . except by agreement of the parties, or except by further Orders of the Court." In the February 7, 2022 amended order, Edward was ordered to "vacate the residence located at 82 Enid Drive, Cherokee Village, AR 75259 on or before March 5, 2022." The amended order further directed that "[a]ll personal property therein shall remain except his clothes and toiletries." On March 6, appellees discovered that Edward had "cleaned out" the house, removing all furniture and personal property; even the kitchen appliances, including the refrigerator, oven, stove, and dishwasher were removed. Edward admitted that, in December 2021, he also sold the boat dock that served the property. Edward testified that he was unaware that he was supposed to leave the personal property, that it was a mistake to remove the items, and that he would return the property that he had mistakenly removed. The circuit court's orders were clear and definite in their terms that Edward was to vacate

_____

[13]*Id.*

12

the premises and no personal property was to be removed from the residence. We are unpersuaded by Edward's claim that he was unaware of the prohibition against removing property from the residence. Accordingly, we find substantial evidence supports the circuit court's finding that Edward willfully disobeyed a valid court order.

For his last point, Edward seeks reversal of the attorney's-fee award to counsel for Trina, Prock, and Anderson. He argues that no motion or proof was presented in compliance with Rule 54(e) of the Arkansas Rules of Civil Procedure. Specifically, he asserts that no motion for fees was filed, and no authority for the award of fees was submitted to the court. He further contends that no proof was presented as to the reasonableness of the fees awarded. We find that Edward fails to recognize that the court directed him to pay the $13,500 award of attorney's fees as sanctions for the necessity of adjudicating his contempt. At the hearing, the circuit court in its ruling stated that "the $13,500 comes off of [Edward's] side. And that's part of the contempt." In contempt cases, the circuit court has discretion to fashion the punishment to fit the circumstances.[14] A circuit court has wide discretion in determining the severity of the punishment for contempt.[15] In addition, our review of the record demonstrates Edward's response to the contempt motion, in bold print, provides, "In good faith, Mr. Wester will assume any legal fees that flow from his error." We find no abuse of discretion in the circuit court's award of attorney's fees as sanctions for Edward's contempt.

Affirmed.

---

[14]*Conlee v. Conlee*, 2014 Ark. App. 261, 434 S.W.3d 923.

[15]*Davenport v. Uselton*, 2013 Ark. App. 344.

13

KLAPPENBACH and HIXSON, JJ., agree.

*Jeremy B. Lowrey*, for appellant.

*Robert S. Tschiemer*, for appellees.