Cite as 2025 Ark. App. 429

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-24-254

| | |
|---|---|
| CHARLES M. COMEAU | Opinion Delivered September 17, 2025 |
| APPELLANT | APPEAL FROM SEARCY COUNTY CIRCUIT COURT |
| V. | [NO. 65CV-23-1] |
| LEWIS W. STILL | HONORABLE CHARLES E. CLAWSON III, |
| APPELLEE | JUDGE |
| | REVERSED AND REMANDED |

## STEPHANIE POTTER BARRETT, Judge

Charles Comeau appeals from a Searcy County Circuit Court order for default judgment entered on December 26, 2023, and the denial of his motion to set aside the default judgment. Specifically, on appeal, Comeau argues the circuit court (1) erred in entering a default judgement against him despite the pendency of a timely filed motion to dismiss under Ark. R. Civ. P. 12; (2) lacked the authority to enter a default judgment because appellee, Lewis Still, failed to comply with the prerequisites for default judgment, including a three-day notice and filing of a written "application for default"; and (3) Still waived any claim of default by failing to file a written application for default. The circuit court prematurely granted default judgment; therefore, we reverse and remand this case for further proceedings consistent with this opinion.

On January 18, 2023, Still filed his complaint against Comeau in the Searcy County Circuit Court. Still's complaint sought an injunction against Comeau regarding a fence he placed on property Still alleged to own; sought a declaratory decree confirming his ownership of the property; asserted claims in trespass; and asserted a claim for quiet title to the property. On January 26, Comeau was served with the complaint.

On February 8, Comeau's attorney filed an entry of appearance and sent discovery requests for admission to Still. On February 22, Comeau timely filed a motion to dismiss under Arkansas Rule of Civil Procedure 12(b)(6) asserting that Still's complaint did not state facts upon which relief could be granted. The parties engaged in discovery for the next several months, with Comeau requesting a final hearing from the court on June 27, 2023. During this time, the presiding judge recused herself from the case, and another was assigned. All the while, Comeau's motion to dismiss was never ruled on.

On December 7, 2023, a final hearing was held. At the beginning of the hearing, the court allowed Comeau to present his motion to dismiss, which was ultimately denied. Comeau then asked the court to give him additional time to respond to the complaint against him, citing Arkansas Rule of Civil Procedure Rule 12(j), which states, "Attorneys will be notified of action taken by the court under this rule, and, if appropriate, the court will designate a certain number of days in which a party is to be given to plead further." The court again denied Comeau's request. In response, Still requested a default judgment, asserting Comeau was required to file his answer within ten days of receiving notice from the court that a final hearing was scheduled, which occurred on July 3, 2023. Comeau

2

argued that his motion to dismiss was a response and sufficient to avoid default judgment. The court initially denied Still's oral motion for default judgment but changed its mind after Still made a due-process argument—asserting that without an answer having been filed, he was unable to know what Comeau's defense was. Once the court made its ruling announcing default judgment against Comeau, it allowed Still to present witness testimony as to his damages and the relief sought.

On December 26, the court entered its final order and judgment solidifying in writing its decision made at the final hearing.

On January 5, 2024, Comeau filed a posttrial motion to reconsider, arguing that (1) he was not in default because the timely filed motion to dismiss was a sufficient responsive pleading; and (2) the court entered default judgment in violation of Arkansas Rule of Civil Procedure 55, requiring the party against whom default judgment is sought to be served with written notice of an application for default judgment at least three days prior to the hearing on such application. The court did not respond to this motion, and it was deemed denied.

We have stated that we review a circuit court's grant or denial of a motion to set aside default judgment for abuse of discretion. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003); *Tharp v. Smith*, 326 Ark. 260, 930 S.W.2d 350 (1996). Despite default judgments being disfavored by courts, issuing a default judgment when a defendant fails to timely respond to a complaint under Arkansas Rule of Civil Procedure 55 is not an error of law or against the preponderance of the evidence. Our standard of review for an order denying a motion to set aside a default judgment depends on the grounds the

appellant claims the default judgment should be set aside. *Steward v. Kuettel*, 2014 Ark. 499, 450 S.W.3d 672. When an appellant claims the default judgment is void, we conduct a de novo review and give no deference to the circuit court's ruling because the matter on appeal is a question of law. *Glover v. Glover*, 2020 Ark. App. 89, 595 S.W.3d 54. In all other challenges to the denial of a motion to set aside a default judgment, we do not reverse absent an abuse of discretion. *Id.*

Under Arkansas law, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided under the rules of civil procedure, judgment by default may be entered by the court. Ark. R. Civ. P. 55(a). The party entitled to a judgment by default shall apply to the court therefor. Ark. R. Civ. P. 55(b). If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. *Id.*

The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud (whether intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. Ark. R. Civ. P. 55(c). The party seeking to have the judgment set aside must demonstrate a meritorious defense to the action; however, if the judgment is void, no other defense to the action need be shown. *Id.*

4

Comeau first argues his timely filed motion to dismiss was a responsive pleading to Still's complaint; therefore, the circuit court erred by granting the default judgment. We agree.

Under Arkansas Rule of Civil Procedure Rule 12, a defendant shall file his answer within thirty days after the service of summons and complaint upon him or her. Ark. R. Civ. P. 12(a)(1). The filing of a motion permitted under this rule alters these periods of time as follows: (1) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be filed within ten days after notice of the court's action; or (2) if the court grants a motion for a more definite statement, the responsive pleading shall be filed within ten days after service of the more definite statement. Ark. R. Civ. P. 12(a)(2)(A)–(B). Every defense, in law or in fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto if one is required. Ark. R. Civ. P. 12(b). However, the defense of failure to state facts upon which relief can be granted, along with other permitted defenses under this rule, may, at the option of the pleader, be made my motion. Ark. R. Civ. P. 12(b)(6). A motion making any of these defenses shall be made before pleading if a further pleading is permitted. Ark. R. Civ. P. 12(b)(8). If, on a motion asserting the defense of failure to state facts upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *Id.*

In the present case, Comeau argues that Arkansas precedent has long held that a motion to dismiss bars default judgment. Comeau heavily relies on *Tapp v. Fowler*, 291 Ark. 309, 313, 724 S.W.2d 176, 178 (1987), to support his assertion. In *Tapp*, our supreme court reversed default judgment where an appellant filed a motion to dismiss and a motion for summary judgment but not an answer. In reversing the default judgment, our supreme court reasoned that the defendant defended the action by filing the motion to dismiss and by submitting three "extensive affidavits, which tended to deny each of the allegations" contained in the complaint. *Tapp*, 291 Ark. at 313, 724 S.W.2d at 178. The court wrote, "To hold on the facts before us that appellant failed to appear or otherwise defend appellee's action would defy common sense, and, at a minimum, place form over substance." *Id.* at 313, 724 S.W.2d at 178–79.

At the final hearing, Still distinguished *Tapp* from the present case—arguing Comeau, unlike *Tapp*, did not file extensive affidavits or expressly deny any allegations made in the complaint against him. The court agreed with this argument. However, *Tapp* is not the only example of our courts determining that a motion to dismiss is sufficient to "otherwise defend" against a complaint. *Id.* In *Cammack v. Chalmers*, 284 Ark. 161, 680 S.W.2d 689 (1984), Chalmers filed a motion to dismiss Cammack's complaint, and after overruling the motion, the chancellor, by order, gave Chalmers twenty-five days within which to file an answer. Cammack notified Chalmers of the order and volunteered to send him a copy, which he never received. Chalmers filed a late answer, Cammack requested default judgment, and the chancellor denied Cammack's motion. In affirming the Chancellor's

decision, the supreme court said, "*Rule 55 provides that a default judgment should be entered when a party 'fails to appear or otherwise defend.' Here, the appellees defended when they filed their motion to dismiss.*" *Id.* at 164, 680 S.W.2d at 690–91 (emphasis added).

Moreover, the reporter's note to Rule 55 states that the phrase "otherwise defend" in Rule 55(a) has the same meaning as its federal counterpart and means the filing of motions, "which by definition are not pleadings." Ark. R. Civ. P. 55 addition to rep. notes 1999 amend. The reporter's note cites *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949), which provides that "[t]he words 'otherwise defend' refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits." *Id.* Considering the law as it has been applied in Arkansas previously, Comeau defended the action against him by filing his motion to dismiss, and the circuit court, after ruling on Comeau's motion, should have given him the opportunity to plead further.

Default judgments are not favored in the law and should be avoided when possible. *Volunteer Transp., Inc. v. House*, 357 Ark. 95, 162 S.W.3d 456 (2004). A default judgment should be granted only when strictly authorized and when the party affected should clearly know he is subject to default if he does not act in a required manner. *Se. Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998). One reason courts are admonished to avoid default judgments when possible is that a default judgment may be a harsh and drastic result affecting the substantial rights of the parties. *Riggs v. Riggs*, 2020 Ark. App. 381, at 10, 606 S.W.3d 588, 593. Therefore, because Comeau has not "failed to plead or otherwise defend,"

7

it was erroneous to enter default judgment.  Ark. R. Civ. P. 55(a).  We reverse and remand for further proceedings consistent with this opinion.  Therefore, we need not address the remaining points on appeal.

Reversed and remanded.

GLADWIN and BROWN, JJ., agree.

*Jeremy B. Lowrey*; and *Patterson Law Firm*, by: *Jerry D. Patterson*, for appellant.

One brief only.